GORDON SILVER
THOMAS J. SALERNO, ESQ.
Arizona Bar No.: 007492
Email: tsalerno@gordonsilver.com
TERESA M. PILATOWICZ, ESQ.
Arizona Bar No.: 024447
Email: tpilatowicz@gordonsilver.com
One East Washington Street, Suite 400
Phoenix, Arizona 85004
Telephone: (602) 256-0400
Facsimile: (602) 256-0345

TALITHA GRAY KOZLOWSKI
Nevada Bar No. 9040 (*Pro Hac Pending*)
Email: tgray@gordonsilver.com
3960 Howard Hughes Parkway, 9th Floor
Las Vegas, Nevada 89169
Telephone: (702) 796-5555
Facsimile: (702) 369-2666

HELLER, DRAPER, PATRICK, HORN & DABNEY, L.L.C.
WILLIAM H. PATRICK, III, ESQ.
Louisiana Bar No. 10359 (*Pro Hac Pending*)
E-mail: wpatrick@hellerdraper.com
TRISTAN E. MANTHEY, ESQ.
Louisiana Bar No. 24539 (*Pro Hac Pending*)
E-mail: tmanthey@hellerdraper.com
650 Poydras St., Suite 2500
New Orleans, Louisiana 70130
Telephone: (504) 299-3300
Facsimile: (504) 299-3399

*Proposed Attorneys for Debtor*

## UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>SNTECH, INC., a Delaware corporation,<br><br>Debtor. | CASE NO.: 2:14-BK-17914-EPB<br><br>Chapter 11 Proceeding |

**DEBTOR'S APPLICATION PURSUANT TO SECTIONS 327(a) AND 328(a) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 2014(a) FOR ENTRY OF AN ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF GORDIAN GROUP, LLC TO PROVIDE INVESTMENT BANKING AND FINANCIAL ADVISORY SERVICES ON A PERCENTAGE FEE BASIS, *NUNC PRO TUNC* TO THE PETITION DATE**

SNTech, Inc., a Delaware corporation, debtor and debtor-in-possession ("Debtor") submits this application (the "Application") for entry of an order (the "Order") substantially in the form attached hereto as **Exhibit "1"** authorizing Debtor to employ and retain Gordian Group, LLC ("Gordian") on a percentage fee basis to provide investment banking and financial advisory services effective as of the Petition Date.

This Application is made and based upon Sections[1] 327, 328, 1107, and 1108 of the Bankruptcy Code, Bankruptcy Rule 2014, CR 2014-1, the points and authorities provided herein, the *Declaration of Peter S. Kaufman in Support of Debtor's Application for Entry of an Order Authorizing the Employment of Gordian Group, LLC to Provide Investment Banking and Financial Advisory Services on a Percentage Fee Basis, Nunc Pro Tunc to the Petition Date* (the "Kaufman Declaration"), filed concurrently herewith, the *Omnibus Declaration of Shannon Bard in Support of Debtor's Chapter 11 Petition and First Day Motions* (the "Omnibus Declaration"), and the papers and pleadings on file herein, judicial notice of which is respectfully requested.

## I.
## INTRODUCTION

1. On December 4, 2014 (the "Petition Date"), Debtor filed its voluntary Chapter 11 petition for relief, thereby commencing the above-captioned bankruptcy case (the "Chapter 11 Case"). See ECF No. 1.

2. Debtor continues to operate its businesses and manage its assets as debtor and debtor-in-possession pursuant to Sections 1107(a) and 1108. See generally docket.

3. No request has been made for the appointment of a trustee or examiner, and no official committees have been appointed in this case. See generally id.

4. Debtor has determined that in order to carry out the duties as provided for under Sections 1107 and 1008, it is necessary and in the best interest of the estate to employ Gordian to provide investment banking and financial advisory services. See Omnibus Declaration ¶ 62.

. . .
. . .
. . .
. . .
. . .

---

[1] All references to "Chapter" herein shall be to the Bankruptcy Code appearing in Title 11 of the U.S. Code; all references to "Section" herein shall be to the Bankruptcy Code appearing in Title 11 of the U.S. Code; all references to a "Bankruptcy Rule" shall refer to the Federal Rules of Bankruptcy Procedure; and all references to a "Local Rule" shall refer to the Local Rules of Bankruptcy Practice of the U.S. District Court for the District of Arizona.

Gordon Silver
Attorneys At Law
One East Washington
Suite 400
Phoenix, Arizona 85004
(602) 256-0400

105013-001/2495078_5.doc

2

Case 2:14-bk-17914-EPB    Doc 17    Filed 12/05/14    Entered 12/05/14 00:08:43    Desc
Main Document    Page 2 of 12

## II. JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

2. The statutory basis for the relief sought herein arises from Sections 327, 328, 1107 and 1108 and Bankruptcy Rule 2014.

3. Venue of Debtor's Chapter 11 Case in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## III. DEBTOR BACKGROUND

### A. Debtor's History and Operations

1. Debtor is a Delaware corporation formed in 2007. Debtor operates in Phoenix, Arizona and is the 100% equity owner of SNTech Co., Ltd., which was formed and operates in Korea, and Thai SNTech Co., Ltd., which was formed and operates in Thailand. See Omnibus Declaration ¶ 5.

2. Debtor develops, manufactures, and sells high efficiency, smart electric motors for a wide variety of mainstream commercial and residential applications. Debtor offers Electronically Commutated Motors ("ECM") that are more efficient than their energy exhausting competitors and which integrate proprietary software and wireless communications compatible with any building management system. Debtor is focused on the Heating, Ventilating, and Air Conditioning ("HVAC") and the Pump end markets, with approximately 20% and 80% of its historic production in each of these markets, respectively. Debtor's four main products are used in ventilation, refrigeration, aftermarket, pool and spa applications, as well as heating and cooling applications, such as furnaces, air handlers, heat pumps, and air conditioners. See id. ¶ 6.

3. At Debtor's peak in 2012, it reported sales growth from $1.2 million and 10,000 units in 2010 to approximately $21 million and 200,000 units in 2012. In early 2014, SNTech stopped producing ECMs because it lacked sufficient credit and capital to procure component parts to satisfy open purchase orders. See id. ¶ 9.

Gordon Silver
Attorneys At Law
One East Washington
Suite 400
Phoenix, Arizona 85004
(602) 256-0400

105013-001/2495078_5.doc

4. SNTech worked with its majority shareholder, SAIL Capital Partners, to support an exhaustive effort to secure funding through the third quarter of 2014. Realizing that it would not be able to continue as a going concern the Company engaged the services of Gordian to provide guidance. After review of SNTech's financial condition and a series of meetings between Debtor and Gordian, it became apparent that it would be in Debtor's best interests to conduct a sale process run by Gordian under the supervision and jurisdiction of this Court. See id. ¶ 10.

5. At the present time, Debtor maintains a skeleton crew to protect and preserve its assets and to assist in its efforts to sell its assets as a going concern. See id. ¶ 11.

6. Debtor initially engaged Gordian on or about October 15, 2014 to commence performing investment banking and financial advisory services. See Kaufman Declaration ¶ 5.

7. Since October 15, 2014 and through the present, Gordian has worked closely with Debtor to provide these services in connection with Debtor's continued operations and, immediately preceding the Petition Date, providing services in connection with a proposed sale of sustainably all or a portion of Debtor's assets or any merger, consolidation, joint venture, or other business combination.

## IV.
## RELIEF REQUESTED

8. By this Application, Debtor requests, pursuant to sections 327(a) and 328(a) of the Bankruptcy Code and Bankruptcy Rule 2014(a), that the Court authorize Debtor to employ and retain Gordian as investment banker and financial advisor for Debtor *nunc pro tunc* to the Petition Date. The terms and conditions of Gordian's proposed retention by Debtor are set forth in that certain engagement letter between Debtor and Gordian dated December 4, 2014 (the "Gordian Agreement").[2] See id. ¶ 3.

9. As required by Bankruptcy Rule 2014(a), this Application sets forth the following: (a) the specific facts showing the necessity for Gordian's employment, (b) the

---

[2] Capitalized terms not otherwise defined herein shall have those meanings ascribed to them in the Gordian Agreement.

Gordon Silver
Attorneys At Law
One East Washington
Suite 400
Phoenix, Arizona 85004
(602) 256-0400

105013-001/2495078_5.doc

4

Case 2:14-bk-17914-EPB   Doc 17   Filed 12/05/14   Entered 12/05/14 00:08:43   Desc
Main Document    Page 4 of 12

reasons for Debtor's selection of Gordian as its investment banker in connection with the Chapter 11 Case, (c) the professional services to be provided by Gordian, (d) the arrangement between Debtor and Gordian with respect to Gordian's compensation, and (e) to the best of Debtor's knowledge, the extent of Gordian's connections, if any, to certain parties in interest in this Chapter 11 Case.

## II.
## GORDIAN GROUP'S QUALIFICATIONS

10. Gordian is well-qualified to serve as Debtor's investment banker. Gordian was founded in 1988 and is an investment banking firm with deep expertise in financial restructurings and distressed mergers and acquisitions ("M&A"), providing a broad range of corporate financial advisory services. Today, Gordian has a nationwide practice, providing financial advisory services to companies in distressed situations. See id. ¶ 5.

11. Debtor has selected Gordian because of the firm's considerable experience in the areas of investment banking and business reorganizations and other areas in which Gordian might be asked to assist in the Chapter 11 Case. Debtor believes that Gordian is duly qualified to provide it with investment banking and financial advisory services throughout these proceedings and the services of Gordian are necessary and essential to Debtor's performance of their duties as debtors in possession. See Omnibus Declaration ¶ 62.

12. As a result of Debtor's prepetition engagement of Gordian, Gordian has become familiar with Debtor's business operations, capital structure, financing documents, and other material information, and is able to assist Debtor in its M&A efforts. Debtor believes that Gordian is well-qualified to provide services to Debtor in a cost-effective, efficient, and timely manner. Gordian has indicated a willingness to act on Debtor's behalf and subject itself to the jurisdiction and supervision of the Court. Additionally, Debtor has been advised by Gordian that Gordian will coordinate with the other retained professionals in this Chapter 11 Case to eliminate unnecessary duplication or overlap of work. See id. ¶ 63.

13. Debtor submits that the employment and retention of Gordian would be in the best interest of Debtor, its estate, and creditors. See id. ¶ 64.

**Gordon Silver**
Attorneys At Law
One East Washington
Suite 400
Phoenix, Arizona 85004
(602) 256-0400

105013-001/2495078_5.doc

5

Case 2:14-bk-17914-EPB    Doc 17    Filed 12/05/14    Entered 12/05/14 00:08:43    Desc
Main Document    Page 5 of 12

## III.
## SUMMARY OF SERVICES TO BE PROVIDED AND TERMS OF ENGAGEMENT

14. As more fully set forth in the Gordian Agreement, Debtor wishes to retain Gordian to provide investment banking and financial advisory services in this Chapter 11 Case to perform the following services in conjunction with a Sale Transaction and/or, to the extent necessary, an Alternative Financial Transaction, as well as other services to the extent appropriate and as reasonably requested, from time to time, by Debtor:

   a. assist in soliciting and evaluating proposals from potential parties to any possible Sale Transaction and with the marketing, negotiation, structuring and implementation of the Sale Transaction, including participation in negotiations with creditors, equity holders and other parties regarding the Sale Transaction and seeking approval of the Court for all aspects of the Sale Transaction;

   b. assist in preparing, for review and approval by the Company, proposals to creditors, equity holders and other parties-in-interest in connection with any possible Sale Transaction;

   c. assist with making presentations to the Company's Board of Directors and/or creditors or equity holders regarding any potential Sale Transaction and/or other financial issues related thereto;

   d. assist, with comparable solicitation, evaluation, structuring, negotiation and presentation services as outlined in the preceding clauses (a) through (c), in connection with any possible Alternative Financial Transaction;

   e. provide testimony in the Court, upon reasonable advance notice, regarding all aspects of any agreed Financial Transaction, including the marketing process, negotiations with potential participating parties and all other matters related thereto; and

   f. render such other financial advisory and investment banking services as may be mutually agreed upon by the parties hereto.

See Kaufman Declaration ¶ 8.

15. The terms and conditions of Gordian's proposed retention by Debtor are more fully set forth in the Gordian Agreement, attached as **Exhibit "1"** to the Kaufman Declaration. See id. ¶ 3.

16. Debtor requires qualified professionals to render these essential professional services. As noted below, Gordian has substantial expertise in all of the areas for which they are

**Gordon Silver**
Attorneys At Law
One East Washington
Suite 400
Phoenix, Arizona 85004
(602) 256-0400

105013-001/2495078_5.doc

6

Case 2:14-bk-17914-EPB    Doc 17    Filed 12/05/14    Entered 12/05/14 00:08:43    Desc
Main Document    Page 6 of 12

proposed to be retained. Accordingly, Debtor submits that Gordian is well qualified and best suited to perform these services and assist Debtor in this Chapter 11 Case. See Omnibus Declaration ¶ 62.

17. Pursuant to Bankruptcy Code section 328(a), Debtor may retain Gordian on any reasonable terms and conditions. Prior to the Petition Date, Debtor negotiated the Gordian Agreement, a commercially reasonable compensation and employment agreement. Debtor requests approval of the Gordian Agreement, including the compensation provisions pursuant to Bankruptcy Code section 328(a). Debtor and Gordian have agreed that Gordian shall be paid and reimbursed as set forth, in detail, in the Gordian Agreement and the Kaufman Declaration.

## IV.
## COMPENSATION

18. In its pre-Petition Date involvement, Gordian infused $50,000 directly into Debtor for immediate financing to help fund operations. As a condition to entering the Gordian Agreement and Gordian's continued service to Debtor, Gordian received $50,000 from Debtor through Debtor's senior secured lender, The Municipal Employees' Retirement System of Louisiana ("MERS"). See Kaufman Declaration ¶ 9.

19. Additionally, pursuant to the Gordian Agreement, Gordian will be compensated for its broad range of services in connection with this engagement (the "Fee Structure") with fees payable concurrently with and as a condition to the consummation of any Financial Transaction (the "Transaction Fees") equal to (i) 10% of the first $5 million of Aggregate Consideration plus, (iii) 5% of all Aggregate Consideration in excess of $5 million in connection with any Financial Transaction.[3] See id. ¶ 10.

20. Pursuant to the Gordian Agreement, it is contemplated that such Transaction Fees shall be provided a carve out from the collateral of Debtor's senior lenders, including MERS, subordinated or on a "last out" basis with the proposed MERS Debtor-in-Possession Financing

---

[3] The fees to be calculated are on a percentage fee basis and are subject to the court's right under Section 328(a) to adjust such fees if the terms and conditions of employment prove to have been improvident in light of developments that could not have been anticipated and the time they were approved by the Courts.

Gordon Silver
Attorneys At Law
One East Washington
Suite 400
Phoenix, Arizona 85004
(602) 256-0400

105013-001/2495078_5.doc

7

(the "DIP"), whereby Transaction Fees shall be paid from the collateral following satisfaction of the MERS DIP. See id. ¶ 13.

21. In addition to the fees described above, Gordian shall be reimbursed, upon invoice, for all of its reasonable, documented out-of-pocket expenses (including legal, travel, telephone and facsimile) incurred in connection with Gordian's engagement hereunder; provided, however, that Gordian shall require the prior written consent of Debtor and MERS (which shall not be unreasonably withheld) before incurring aggregate expenses in excess of $25,000. See id. ¶ 14.

22. Debtor believes that the Fee Structure set forth in the Gordian Agreement is either comparable to, or below, those generally charged by financial advisory and investment banking firms of similar statute to Gordian and for comparable engagements, both in and out of bankruptcy proceedings. Given Debtor's liquidity constraints, the go-forward fee structure is fully tied to the consummation and closing of the transactions and services contemplated by Debtor and Gordian in the Gordian Agreement. The Fee Structure was established to reflect the difficulty of the extensive assignments Gordian has undertaken and continues to undertake, and the potential that Debtor might not consummate a transaction. See Omnibus Declaration ¶ 73.

23. Additionally, Gordian will endeavor to coordinate with other retained professionals herein to avoid unnecessary duplication of work and expense. See id. ¶ 74.

24. Gordian's restructuring and M&A capabilities as well as its capital markets knowledge and financing skills, some or all of which may be required by Debtor during the term of Gordian's engagement hereunder, were important factors to Debtor in determining the Fee Structure and Debtor believes that the ultimate benefit to Debtor of Gordian's services hereunder cannot be measured merely by reference to the number of hours to be expended by Gordian's professionals in the performance of such services. See id. ¶ 75.

25. Debtor also acknowledges and agrees that the Fee Structure has been agreed upon by the parties in anticipation that (a) a substantial commitment of professional time and effort has been and will continue to be required of Gordian and its professionals, (b) in light of the fact that such commitment may foreclose other opportunities for Gordian, and (c) that the actual time

Gordon Silver
Attorneys At Law
One East Washington
Suite 400
Phoenix, Arizona 85004
(602) 256-0400

8
105013-001/2495078_5.doc

Case 2:14-bk-17914-EPB    Doc 17    Filed 12/05/14    Entered 12/05/14 00:08:43    Desc
Main Document    Page 8 of 12

and commitment required of Gordian and its professionals to perform the services described herein may vary substantially from week to week or month to month, creating "peak load" issues for the firm. See id. ¶ 76.

26. In light of the foregoing, Debtor believes that the Fee Structure is both fair and reasonable under the circumstances of this engagement. See id. ¶ 77.

27. Debtor is advised by Gordian that it is not the general practice of investment banking firms to keep detailed time records similar to those customarily kept by attorneys. Investment bankers such as Gordian do not charge for their services on an hourly basis. Instead, they customarily charge a monthly advisory fee plus an additional fee that is contingent upon the occurrence of a specified type of transaction. Nevertheless, in order to demonstrate the services provided by Gordian to Debtor, Gordian will file a summary of identifying those professionals which have provided services on behalf of Debtor and that provides a general description of the services performed by Gordian, and estimated aggregate time in connection with any fee application filed with the Court. See id. ¶ 78.

28. Debtor also understand that Gordian will be applying to the Court for authority to be paid its fees and expenses pursuant to its obligations under the Bankruptcy Code and any administrative fee procedure that may be established, to which Debtor consents. See id. ¶ 79.

29. Debtor has agreed, among other things, and as more fully set forth in the Gordian Agreement, to indemnify and hold harmless Gordian and its personnel (the "Indemnified Persons") in connection with Gordian's representation of Debtor, subject to certain exceptions in the case of an Indemnified Person's bad faith, willful misconduct or gross negligence (the "Indemnification Provisions"). Debtor has been informed by Gordian that the Indemnification Provisions are customary and reasonable terms of consideration for financial advisors and investment bankers for proceedings both out of court and in chapter 11 cases. The terms of the Indemnification Provisions were negotiated between Debtor and Gordian at arm's-length and Debtor respectfully submits that the Indemnification Provisions are reasonable and in the best interests of Debtor, its estate, and creditors. See Kaufman Declaration ¶ 17.

Gordon Silver
Attorneys At Law
One East Washington
Suite 400
Phoenix, Arizona 85004
(602) 256-0400

105013-001/2495078_5.doc

9

Case 2:14-bk-17914-EPB    Doc 17    Filed 12/05/14    Entered 12/05/14 00:08:43    Desc
Main Document    Page 9 of 12

30. Debtor intends that the services of Gordian will complement, and not duplicate, the services being rendered by other professionals in this Chapter 11 Case. Gordian understands that Debtor has retained and may retain additional professionals during the term of the engagement and will work cooperatively with such professionals to integrate any respective work conducted by the professionals on Debtor's behalf.

## V.
## NO ADVERSE INTEREST

31. The accompanying Kaufman Declaration describes the relationships, if any, that Gordian has with Debtor's creditors and other interested parties. As set forth in the Kaufman Declaration, Gordian does not believe that any of those relationships would foreclose Debtor's retention of Gordian under sections 327(a), 328(a) and 101(14) of the Bankruptcy Code in that Gordian does not hold or represent any interest adverse to Debtor, its creditor, or estate and is a disinterested person. See id. ¶¶ 23-24.

32. Debtor has been informed that Gordian will continue conducting a review of its files when additional material parties are identified to ensure that no disqualifying circumstances arise and, if any new relevant facts or relationships are discovered, Gordian will supplement its disclosure to the court. See id. ¶ 27.

## VI.
## BASIS FOR RELIEF REQUESTED

33. Pursuant to Bankruptcy Code section 327(a), a debtor in possession is authorized to employ professional persons "that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the [debtor in possession] in carrying out [its] duties under [the Bankruptcy Code.]" 11 U.S.C. § 327(a).

34. Bankruptcy Code section 1107(b) provides that "a person is not disqualified for employment under section 327 of [the Bankruptcy Code] by a debtor in possession solely because of such person's employment by or representation of Debtor before the commencement of the case." Further, under Bankruptcy Code section 328(a), a professional may be employed "on any reasonable terms and conditions of employment, including on a retainer, on an hourly

Gordon Silver
Attorneys At Law
One East Washington
Suite 400
Phoenix, Arizona 85004
(602) 256-0400

105013-001/2495078_5.doc

10

Case 2:14-bk-17914-EPB    Doc 17    Filed 12/05/14    Entered 12/05/14 00:08:43    Desc
Main Document    Page 10 of 12

basis, on a fixed or percentage fee basis, or on a contingent fee basis." 11 U.S.C. § 328(a). Thus, section 328(a) permits the Court to approve the terms of Gordian's engagement as set forth in the Gordian Agreement.

35. As recognized by numerous courts, Congress intended Bankruptcy Code section 328(a) to enable debtors to retain professionals pursuant to specific fee arrangements to be determined at the time of the court's approval of the retention, subject to reversal only if the terms are found to be improvident in light of "developments not capable of being anticipated at the time of the fixing of such terms and conditions." See Donaldson, Lufkin & Jenrette Sec. Corp. v. Nat'l Gypsum Co. (In re Nat'l Gypsum Co.), 123 F.3d 861, 862-63 (5th Cir. 1997) ("If the most competent professionals are not available for complicated capital restructuring and the development of successful corporate reorganization, they must know what they will receive for their expertise and commitment.")

36. Debtor believes that the Fee Structure and the indemnification and related provisions set forth in the Gordian Agreement are more than reasonable terms and conditions of employment and should be approved under Bankruptcy Code section 328(a). They appropriately reflect the nature of the services to be provided by Gordian and the fee structures and indemnification provisions typically utilized by Gordian and other leading financial advisory firms, which do not bill their clients on an hourly basis and generally are compensated on a transactional basis. In particular, Debtor believes that the proposed Fee Structure creates a proper incentive with the successful consummation of relevant transactions, particularly given the absence.

37. Debtor submits that the Fee Structure and the indemnification and related provisions are reasonable terms and conditions of employment in light of (a) industry practice, (b) market rates charged for comparable services both in and out of the chapter 11 context, (c) Gordian's substantial experience with respect to financial advisory services, and (d) the nature and scope of work performed by Gordian in this Chapter 11 Case.

Gordon Silver
Attorneys At Law
One East Washington
Suite 400
Phoenix, Arizona 85004
(602) 256-0400

105013-001/2495078_5.doc

11

Case 2:14-bk-17914-EPB    Doc 17    Filed 12/05/14    Entered 12/05/14 00:08:43    Desc
Main Document    Page 11 of 12

38.     Debtor and Gordian believe that the terms of the Gordian Agreement are customary and reasonable for investment banking engagements, both out of court and in chapter 11 proceedings.

39.     The indemnification provisions are similar to indemnification provisions that have previously been approved by bankruptcy courts. Accordingly, Debtor respectfully submits that the terms of the Gordian Agreement and its indemnification provisions are reasonable and customary and should be approved in these chapter 11 cases.

## VII.
## CONCLUSION

WHEREFORE, Debtor respectfully requests that the Court enter an Order authorizing Debtor to employ Gordian as its investment banker and financial advisor and to perform the services described above, with compensation and with reimbursement of expenses to be paid as an administrative expense in such amounts as may be allowed by the Court, pursuant to the provisions of Sections 330 and 331. Debtor also requests such other and further relief as is just and proper.

Dated this 4th day of December, 2014.

GORDON SILVER

 */s/ Teresa M. Pilatowicz*
THOMAS J. SALERNO, ESQ.
TALITHA GRAY KOZLOWSKI, ESQ.
(*Pro Hac Pending*)
TERESA M. PILATOWICZ, ESQ.
One East Washington Street, Suite 400
Phoenix, Arizona 85004

and

HELLER, DRAPER, PATRICK, HORN & DABNEY, L.L.C.
WILLIAM H. PATRICK, III, ESQ.
(*Pro Hac Pending*)
TRISTAN E. MANTHEY, ESQ.
(*Pro Hac Pending*)
650 Poydras Street, Suite 2500
New Orleans, Louisiana 70130-6103
*Proposed Attorneys for Debtor*

Gordon Silver
Attorneys At Law
One East Washington
Suite 400
Phoenix, Arizona 85004
(602) 256-0400

12

105013-001/2495078_5.doc

Case 2:14-bk-17914-EPB    Doc 17    Filed 12/05/14    Entered 12/05/14 00:08:43    Desc
Main Document    Page 12 of 12