| | |
|---|---|
| GORDON SILVER | HELLER, DRAPER, PATRICK, HORN & DABNEY, L.L.C. |
| THOMAS J. SALERNO, ESQ. | WILLIAM H. PATRICK, III, ESQ. |
| Arizona Bar No.: 007492 | Louisiana Bar No. 10359 (*Pro Hac Pending*) |
| Email: tsalerno@gordonsilver.com | E-mail: wpatrick@hellerdraper.com |
| TERESA M. PILATOWICZ, ESQ. | TRISTAN E. MANTHEY, ESQ. |
| Arizona Bar No.: 024447 | Louisiana Bar No. 24539 (*Pro Hac Pending*) |
| Email: tpilatowicz@gordonsilver.com | E-mail: tmanthey@hellerdraper.com |
| One East Washington Street, Suite 400 | 650 Poydras St., Suite 2500 |
| Phoenix, Arizona 85004 | New Orleans, Louisiana 70130 |
| Telephone: (602) 256-0400 | Telephone: (504) 299-3300 |
| Facsimile: (602) 256-0345 | Facsimile: (504) 299-3399 |

TALITHA GRAY KOZLOWSKI
Nevada Bar No. 9040 (*Pro Hac Pending*)
Email: tgray@gordonsilver.com
3960 Howard Hughes Parkway, 9th Floor
Las Vegas, Nevada 89169
Telephone: (702) 796-5555
Facsimile: (702) 369-2666

*Proposed Attorneys for Debtor*

**UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| In re: | CASE NO.: 2:14-BK-17914-EPB |
| SNTECH, INC., a Delaware corporation, | Chapter 11 Proceeding |
| Debtor. | |

**DECLARATION OF PETER KAUFMAN IN SUPPORT OF DEBTOR'S APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE EMPLOYMENT OF GORDIAN GROUP, LLC TO PROVIDE INVESTMENT BANKING AND FINANCIAL ADVISORY SERVICES ON A PERCENTAGE FEE BASIS, *NUNC PRO TUNC* TO THE PETITION DATE**

Peter S. Kaufman, pursuant to 28 U.S.C. § 1746, states as follows:

1. I am the President and Head of Restructuring and Distressed M&A at Gordian Group, LLC ("Gordian" or the "Firm") an investment banking firm having significant expertise in bankruptcy, general investment banking and financial advisory issues. Gordian maintains offices at 950 Third Avenue, New York, NY 10022.

2. This Declaration is submitted in connection with and in support of the application (the "Application") for an entry of an order pursuant to sections 327(a), 328(a) and 1107 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 2014 and 2016 of the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules") authorizing the retention and employment of Gordian to provide investment banking and financial advisory services to Debtor, effective as of Petition Date,[1] and to provide the disclosures required under section 327 of the Bankruptcy Code and Bankruptcy Rule 2014(a).

3. I have personal knowledge of the matters set forth herein and, if called as a witness, would testify competently thereto. A copy of the Gordian Agreement, the "Gordian Agreement") is attached as **Exhibit "1."**

4. I joined Gordian in 1990 and currently act as President and Head of Restructuring and Distressed M&A at the firm. I am co-author of two definitive works in the field, Distressed Investment Banking: To the Abyss and Back[2] and Equity Holders Under Siege: Strategies and Tactics for Distressed Businesses[3]. Prior to joining Gordian, I was the founding co-chairman of the Committee on Investment Banking of the American Bankruptcy Institute and a founding member of First Boston Corporation's Distressed Securities Group. I received my B.A. with honors from Yale University as well as a J.D. from the University of Virginia School of Law.

5. I believe that Gordian is well-qualified to act as investment banker and financial advisor to Debtor. Gordian has considerable experience and a national reputation in assisting troubled companies with stabilizing their financial position, analyzing their financial situation, and developing and implementing an appropriate plan of financial reorganization or sale transaction. Gordian's professionals have extensive experience in providing investment banking solutions and independent advice to business leaders dealing with complex challenges or financial distress. Moreover, Gordian has become familiar with Debtor's financial condition and

---

[1] Capitalized terms not defined herein shall have the definition contained in Debtor's Application and Gordian Agreement attached as **Exhibit A** herein.

[2] Owsley, Henry F., and Peter S. Kaufman. *Distressed Investment Banking: To the Abyss and Back.* Washington, D.C.: Beard, 2005.

[3] Owsley, Henry F., and Peter S. Kaufman. *Equity Holders Under Siege.* Washington, D.C.: Beard, 2014.

Gordon Silver
Attorneys At Law
One E. Washington St,
Suite 400
Phoenix, Arizona 85004
(602) 256-0400

105013-001/2495079_5.doc

2

Case 2:14-bk-17914-EPB    Doc 18    Filed 12/05/14    Entered 12/05/14 00:11:22    Desc
Main Document    Page 2 of 9

business as a result of services provided to Debtor prior to the Petition Date. Gordian was engaged on or about October 15, 2014 and, except for the Upfront Payment, is due to receive payments only upon consummation of any Financial Transaction pursuant to the Gordian Agreement.

6. Gordian is an investment banking firm with expertise in financial restructuring and distressed M&A. One of Gordian's specialties is providing investment banking and financial advisory services in bankruptcy and insolvency matters. Gordian provides a broad range of corporate advisory services including, but not limited to, general investment banking and financial advice, capital raising, and financial restructuring. Gordian's professionals have extensive experience working with financially troubled companies in complex financial restructurings and distressed M&A both in and out of chapter 11. Gordian's professionals have advised debtors, creditors and equity holders in many restructurings.

7. Debtor selected Gordian based on its experience and expertise in providing financial advisory and investment banking services in chapter 11 cases and M&A. Gordian's restructuring professionals have extensive experience in advising debtors and other constituents in chapter 11 cases and have served as financial advisors and investment bankers to numerous debtors and creditors in restructurings involving, among others, Alexander Gallo Holdings, Integrated Electrical Services, Inc., Jobson Medical Information Holdings, LTV Steel, Mississippi Chemical Corporation, Osyka Corporation, Solutia, Inc., Spansion, Inc. and Summit Global Logistics. Gordian was named Boutique Investment Bank of the Year in restructurings for 2011 and 2014 as well as Outstanding Investment Banking Firm of 2012, 2013 and 2014 by multiple organizations (to wit, <u>M&A Advisor</u> and <u>Turnarounds and Workouts</u>). Gordian has the requisite investment banking and financial advisory experience to provide the necessary services to Debtor in this Chapter 11 Case

8. As more fully set forth in the Gordian Agreement, Debtor wishes to retain Gordian to provide investment banking and financial advisory services in this Chapter 11 Case to perform the following services in conjunction with a Sale Transaction and/or, to the extent

Gordon Silver
Attorneys At Law
One E. Washington St,
Suite 400
Phoenix, Arizona 85004
(602) 256-0400

105013-001/2495079_5.doc

3

Case 2:14-bk-17914-EPB    Doc 18    Filed 12/05/14    Entered 12/05/14 00:11:22    Desc
Main Document    Page 3 of 9

necessary, an Alternative Financial Transaction, as well as other services to the extent appropriate and as reasonably requested, from time to time, by Debtor:

    a. assist in soliciting and evaluating proposals from potential parties to any possible Sale Transaction and with the marketing, negotiation, structuring and implementation of the Sale Transaction, including participation in negotiations with creditors, equity holders and other parties regarding the Sale Transaction and seeking approval of the Court for all aspects of the Sale Transaction;

    b. assist in preparing, for review and approval by the Company, proposals to creditors, equity holders and other parties-in-interest in connection with any possible Sale Transaction;

    c. assist with making presentations to the Company's Board of Directors and/or creditors or equity holders regarding any potential Sale Transaction and/or other financial issues related thereto;

    d. assist, with comparable solicitation, evaluation, structuring, negotiation and presentation services as outlined in the preceding clauses (a) through (c), in connection with any possible Alternative Financial Transaction;

    e. provide testimony in the Court, upon reasonable advance notice, regarding all aspects of any agreed Financial Transaction, including the marketing process, negotiations with potential participating parties and all other matters related thereto; and

    f. render such other financial advisory and investment banking services as may be mutually agreed upon by the parties hereto.

9. In its pre-Petition Date involvement, Gordian infused $50,000 directly into Debtor for immediate financing to help fund operations. As a condition to entering the Gordian Agreement and Gordian's continued service to Debtor, Gordian received $50,000 from Debtor through its senior secured lender, The Municipal Employees' Retirement System of Louisiana ("MERS").

10. Additionally, for Gordian's services in connection with this engagement, concurrently with and as a condition to the consummation of any Financial Transaction, Debtor shall pay or cause to be paid to Gordian nonrefundable fees (the "Transaction Fees") equal to (i) 10.0% of the first $5 million of Aggregate Consideration plus, (iii) 5% of all Aggregate Consideration in excess of $5 million in connection with any Financial Transaction.

Gordon Silver
Attorneys At Law
One E. Washington St,
Suite 400
Phoenix, Arizona 85004
(602) 256-0400

105013-001/2495079_5.doc

4

11. In the event that the Aggregate Consideration comprises securities, in whole or in part, the value of such securities, for purposes of calculating the Transaction Fees, shall be the fair market value thereof, as the parties hereto shall mutually agree, on the day prior to the public announcement of such Financial Transaction; provided, however, that the value of securities with an existing public trading market shall be determined by the average of the last sales prices for such securities on the five trading days ending five days prior to the consummation of the Financial Transaction in question. Notwithstanding the foregoing and for the avoidance of doubt, any warrants issued in connection with a Financial Transaction shall not be included as Aggregate Consideration for purposes of this Agreement.

12. The Transaction Fees shall be paid simultaneously with the closing of a Financial Transaction, or any portion thereof, to which the Transaction Fees relate (and in no event shall the full Transaction Fees be paid later than the receipt in full of the Aggregate Consideration to which the Transaction Fees relate) in cash in U.S. dollars.

13. Pursuant to the Gordian Agreement, such Transaction Fees shall be provided a carve out from the collateral of Debtor's senior lenders, including MERS, subordinated or on a "last out" basis with the proposed MERS DIP, whereby Transaction Fees shall be paid from the collateral following satisfaction of the MERS DIP.

14. In addition to the fees described above, Gordian shall be reimbursed, upon invoice, for all of its reasonable, documented out-of-pocket expenses (including legal, travel, telephone and facsimile) incurred in connection with Gordian's engagement hereunder; provided, however, that Gordian shall require the prior written consent of the of Debtor and MERS, which shall not be unreasonably withheld) before incurring aggregate expenses in excess of $25,000.

15. Gordian does not bill for its investment banking services on an hourly basis. The fees and expense reimbursement provisions described above are consistent with (or less than) normal and customary arrangements for cases of this size and complexity which require the level and scope of services outlined.

Gordon Silver
Attorneys At Law
One E. Washington St,
Suite 400
Phoenix, Arizona 85004
(602) 256-0400

105013-001/2495079_5.doc

5

Case 2:14-bk-17914-EPB    Doc 18    Filed 12/05/14    Entered 12/05/14 00:11:22    Desc
Main Document    Page 5 of 9

16. I respectfully submit that this fee arrangement, which is similar to fee arrangements which have been authorized in other chapter 11 cases in which Gordian and other leading financial advisors and investment bankers have rendered services, is reasonable in light of industry practice, market rates both in and out of chapter 11 proceedings, Gordian Group's experience, and the scope of work to be performed pursuant to Gordian's retention.

17. As more fully set forth in the Gordian Agreement, as part of the overall compensation payable to Gordian under the terms of the Gordian Agreement, Debtor has agreed among other things, to indemnify and hold harmless Gordian and its personnel (the "Indemnified Persons") in connection with Gordian's representation of Debtor, subject to certain exceptions in the case of an Indemnified Person's bad faith, willful misconduct or gross negligence (the "Indemnification Provisions").

18. The indemnification provisions contained in the Gordian Agreement were negotiated between Debtor and Gordian at arm's-length and are typical of those contained in engagement agreements of other investment bankers and financial advisors retained in this District.

19. No agreement or understanding exists between Gordian and any other person for any division or sharing of compensation that is prohibited by statute. The proposed engagement of Gordian is not prohibited by Bankruptcy Rule 5002.

20. To the best of my knowledge, Gordian does not hold an interest adverse to Debtor's estate and is a disinterested person, as that term is defined in section 101(14) of the Bankruptcy Code.

21. Insofar as I have been able to ascertain through diligent inquiry, Gordian has no connection with Debtor, its creditors, any other party in interest, its current respective attorneys or professionals or the United States Trustee, and does not represent any entity having an adverse interest to Debtor in connection with Debtor's Chapter 11 Case, except as set forth below. However, Gordian has in the past worked with, may continue to work with and have mutual clients with certain law firms who may represent parties-in-interest in these cases.

Gordon Silver
Attorneys At Law
One E. Washington St,
Suite 400
Phoenix, Arizona 85004
(602) 256-0400

105013-001/2495079_5.doc

6

Case 2:14-bk-17914-EPB    Doc 18    Filed 12/05/14    Entered 12/05/14 00:11:22    Desc
Main Document    Page 6 of 9

22. Because of the size and diversity of Gordian's practice, Gordian may have in the past performed professional services for, and may in the future provide services for entities that are claimants or interest holders of Debtor in matters wholly unrelated to Debtor's pending Chapter 11 Case.

23. To the best of my knowledge and following a conflict search of my firm's records, neither I, nor any professional at Gordian has performed services for or is associated with any creditors in these cases or any party in interest. Gordian has conducted a conflict check against the (i) Debtor and its affiliates, (ii) Debtor's principals and shareholders, (iii) all known unsecured creditors, and (iv) Debtor's secured creditors, and does not hold any interest or represent any entity having an adverse interest to Debtor in this Chapter 11 Case.

24. Gordian or Gordian's personnel may have had business associations with certain creditors and professionals of Debtor unrelated to this Chapter 11 Case. Specifically:

    a. Gordian and its personnel have been involved in a prior case involving of Sail Capital Partners, MERS, and certain of Debtor's other investors.

    b. Certain Gordian principals have had personal dealings with certain principals of Sail Capital Partners, MERS, and Firefighters' Retirement System of Louisiana in the past.

    c. Gordian has in the past been engaged by certain companies in which Sail Capital Partners or its affiliates have invested and/or served in some controlling capacity on matters unrelated to Debtor.

25. Despite the efforts described above to identify and disclose Gordian's connections with Debtor and the parties listed above, because Debtor has numerous creditors and other relationships, Gordian is unable to state with certainty that every client representation or other connection has been disclosed. If Gordian discovers additional information that requires disclosure, Gordian will supplement these disclosures in the future as appropriate.

26. In the case of each of the parties listed above, Gordian's relationship with each such party is totally separate and apart from Gordian's representation of Debtor. Insofar as I have been able to determine, Gordian and the employees of Gordian that will work on this engagement do not hold or represent any interest adverse to Debtor or its estate. Accordingly,

Gordon Silver
Attorneys At Law
One E. Washington St,
Suite 400
Phoenix, Arizona 85004
(602) 256-0400

105013-001/2495079_5.doc

7

Case 2:14-bk-17914-EPB    Doc 18    Filed 12/05/14    Entered 12/05/14 00:11:22    Desc
Main Document    Page 7 of 9

1 Gordian believes that it is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code, in that Gordian, its professionals and employees:

    a. Are not creditors, equity security holders or insiders of Debtor;

    b. Are not and were not, within two (2) years before the date of the filing of Debtor's chapter 11 petition, a director, officer, or employee of Debtor; and

    c. Does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, Debtor.

27. Based on the foregoing, I submit that Gordian Group is a "disinterested person," as defined in section 101(14) of the Bankruptcy Code and as required by section 327(a) of the Bankruptcy Code. It is Gordian's policy and intent to update and expand its ongoing relationship search for additional parties in interest in an expedient manner. If any new relevant facts or relationships are discovered or arise, Gordian will promptly file a supplemental affidavit pursuant to Bankruptcy Rule 2014(a).

28. No outstanding amounts are due to Gordian by Debtor. Accordingly, Gordian is not a creditor of Debtor.

. . .

. . .

. . .

. . .

. . .

Gordon Silver
Attorneys At Law
One E. Washington St,
Suite 400
Phoenix, Arizona 85004
(602) 256-0400

105013-001/2495079_5.doc

8

Case 2:14-bk-17914-EPB    Doc 18    Filed 12/05/14    Entered 12/05/14 00:11:22    Desc
Main Document    Page 8 of 9

29. The foregoing constitutes the statement of Gordian pursuant to sections 327(a) and 328(a) of the Bankruptcy Code and Bankruptcy Rules 2014(a). By reason of the foregoing, I believe Gordian is eligible for employment and retention by Debtor pursuant to Bankruptcy Code section 327(a) (as modified by section 1107(b)) and applicable Bankruptcy Rules and Local Rules.

I declare under penalty of perjury of the laws of the United States that these facts are true to the best of my knowledge and belief.

_____
Peter S. Kaufman
President, Head of Restructuring and Distressed M&A
Gordian Group, LLC

Gordon Silver
Attorneys At Law
One E. Washington St,
Suite 400
Phoenix, Arizona 85004
(602) 256-0400

105013-001/2495079_4.doc

9