GORDON SILVER
THOMAS J. SALERNO, ESQ.
Arizona Bar No.: 007492
TERESA M. PILATOWICZ, ESQ.
Arizona Bar No.: 024447
Email: tpilatowicz@gordonsilver.com
One East Washington Street, Suite 400
Phoenix, Arizona 85004
Telephone: (602) 256-0400
Facsimile: (602) 256-0345

TALITHA GRAY KOZLOWSKI
Nevada Bar No. 9040 (*Pro Hac Pending*)
Email: tgray@gordonsilver.com
3960 Howard Hughes Parkway, 9th Floor
Las Vegas, Nevada 89169
Telephone: (602) 256-0400
Facsimile: (602) 256-0345

HELLER, DRAPER, PATRICK, HORN
  & DABNEY, L.L.C.
WILLIAM H. PATRICK, III, ESQ.
E-mail: wpatrick@hellerdraper.com
Louisiana Bar No. 10359 (*Pro Hac Pending*)
TRISTAN E. MANTHEY, ESQ.
E-mail: tmanthey@hellerdraper.com
Louisiana Bar No. 24539 (*Pro Hac Pending*)
650 Poydras Street, Suite 2500
New Orleans, Louisiana 70130
Telephone (504) 299-3300
Facsimile (504) 299-3399

*Proposed Attorneys for Debtor*

**UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| In re:<br><br>SNTECH, INC., a Delaware corporation,<br><br>Debtor. | Case No. 2:14-BK-17914-EPB<br>Chapter 11<br><br><br>Date: OST REQUESTED<br>Time: OST REQUESTED |

**EMERGENCY MOTION FOR ORDER: (I) AUTHORIZING DEBTOR TO PAY WAGES, SALARIES, BENEFITS, REIMBURSABLE BUSINESS EXPENSES, AND OTHER EMPLOYEE OBLIGATIONS; AND (II) AUTHORIZING AND DIRECTING FINANCIAL INSTITUTIONS TO HONOR AND PROCESS CHECKS AND <u>TRANSFERS RELATED TO SUCH OBLIGATIONS</u>**

SNTech, Inc., a Delaware corporation, debtor and debtor-in-possession ("<u>Debtor</u>"), hereby submits its *Emergency Motion for Order: (I) Authorizing Debtor to Pay Wages, Salaries, Benefits, Reimbursable Business Expenses, and Other Employee Obligations; and (II) Authorizing and Directing Financial Institutions to Honor and Process Checks and Transfers Related to Such Obligations* ("<u>Motion</u>"). Pursuant to the Motion, Debtor requests that this Court enter an order authorizing Debtor to pay wages, salaries, garnishments, benefits, reimbursable

Gordon Silver
Attorneys At Law
One East Washington
Suite 400
Phoenix, AZ 85004
(602) 256-0400

105013-001/2500558_2.doc

Case 2:14-bk-17914-EPB    Doc 23    Filed 12/05/14    Entered 12/05/14 01:08:00    Desc
Main Document    Page 1 of 10

business expenses, and other employee obligations, including workers' compensation matters, and for such other and further relief as is just and proper.

This Motion is made and based on the *Omnibus Declaration of Shannon Bard in Support of Debtor's Chapter 11 Petition* and *First Day Motions* (the "Omnibus Declaration"), which Declaration is incorporated herein in its entirety by this reference, the memorandum of points and authorities which follows, the pleadings and papers and other records contained in this Court's file, judicial notice of which is respectfully requested, and any evidence or oral argument presented at the time of the hearing on this Motion.

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.
## INTRODUCTION

1. On December 4, 2014 (the "Petition Date"), Debtor filed its voluntary petition for relief under Chapter 11 of the Bankruptcy Code,[1] thereby commencing its bankruptcy case (the "Chapter 11 Case").[2] See ECF No. 1.

2. Pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code, Debtor intends to continue operating its business as debtor-in-possession. See generally docket.

3. No request has been made for the appointment of a trustee or examiner, and no official committees have been established in the Chapter 11 Case. See id.

. . .

. . .

. . .

. . .

---

[1] All references to "Chapter" and "Section" herein shall be to the Bankruptcy Code appearing in Title 11 of the U.S. Code; all references to a "Bankruptcy Rule" shall refer to the Federal Rules of Bankruptcy Procedure; and all references to a "Local Rule" shall refer to the Local Rules of Bankruptcy Practice of the U.S. District Court for the District of Arizona.

[2] The factual background and events leading up to the filing of the Chapter 11 Case is set forth at length in the Omnibus Declaration filed contemporaneously herewith. For brevity, not all of the facts set forth in the Omnibus Declaration have been repeated herein; rather, such facts are incorporated herein in their entirety by this reference.

Gordon Silver
Attorneys At Law
One East Washington
Suite 400
Phoenix, AZ 85004
(602) 256-0400

105013-001/2500558_2.doc

2

Case 2:14-bk-17914-EPB    Doc 23    Filed 12/05/14    Entered 12/05/14 01:08:00    Desc
Main Document    Page 2 of 10

## II.
## JURISDICTION AND VENUE

4. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1134. Consideration of this Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (M).

5. The statutory basis for the relief sought herein arises from Sections 105, 507(a), 1107 and 1108, and Bankruptcy Rules 6003 and 6004.

6. Venue of the Chapter 11 Case in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## III.
## BACKGROUND

7. Debtor is a Delaware corporation formed in 2007. Debtor operates in Phoenix, Arizona and is the 100% equity owner of SNTech Co., Ltd., which was formed and operates in Korea, and Thai SNTech Co., Ltd., which was formed and operates in Thailand. See Omnibus Declaration ¶ 5.

8. Debtor develops, manufactures, and sells high efficiency, smart electric motors for a wide variety of mainstream commercial and residential applications. Debtor offers Electronically Commutated Motors ("ECM") that are more efficient than their energy exhausting competitors and which integrate proprietary software and wireless communications compatible with any building management system. Debtor is focused on the Heating, Ventilating, and Air Conditioning ("HVAC") and the Pump end markets, with approximately 20% and 80% of its historic production in each of these markets, respectively. Debtor's four main products are used in ventilation, refrigeration, aftermarket, pool and spa applications, as well as heating and cooling applications, such as furnaces, air handlers, heat pumps, and air conditioners. See id. ¶ 6.

9. At Debtor's peak in 2012, it reported sales growth from $1.2 million and 10,000 units in 2010 to approximately $21 million and 200,000 units in 2012. In early 2014, SNTech stopped producing ECMs because it lacked sufficient credit and capital to procure component

Gordon Silver
Attorneys At Law
One East Washington
Suite 400
Phoenix, AZ 85004
(602) 256-0400

105013-001/2500558_2.doc

3

parts to satisfy open purchase orders. See id. ¶ 9.

10. Debtor worked with its majority shareholder, SAIL Capital Partners, to support an exhaustive effort to secure funding through the third quarter of 2014. Realizing that it would not be able to continue as a going concern, Debtor engaged the services of the Gordian Group, LLC ("Gordian") to provide guidance. After review of Debtor's financial condition and a series of meetings between Debtor and Gordian, it became apparent that it would be in Debtor's best interests to conduct a sale process run by Gordian under the supervision and jurisdiction of this Court. See id. ¶ 10.

11. At the present time, Debtor maintains a skeleton crew to protect and preserve its assets and to assist in its efforts to sell its assets as a going concern. See id. ¶ 11.

## IV.
## RELIEF REQUESTED

12. As of the Petition Date, Debtor employed approximately six (6) full-time employees ("Employees") in the ordinary course of its business. Continued service by the Employees is vital to the value and preservation of Debtor's assets. See id. ¶ 52.

13. As of the Petition Date, the Employees were owed or had accrued in their favor, various sums from Debtor for wages and salaries incurred in the ordinary course of Debtor's business, including any prepetition compensation (collectively, the "Wage Obligations"). The total estimated amount of Wage Obligations that will have accrued, but remain unpaid, as of the Petition Date is approximately $26,493.00. Debtor pays its Employees on a bi-weekly payroll cycle. The last payroll was made on November 24, 2014. See id. ¶ 53.

14. Debtor is required by law to withhold from its Employees' wages amounts related to federal, state, and local income taxes, as well as social security and Medicare taxes and to remit the same to the appropriate taxing authorities. To the extent that Debtor has deducted funds from the Employees' paychecks sufficient to pay prepetition taxes, withholding taxes and FICA contributions attributable to Wage Obligations, which are due but have not been paid yet to any governmental entity, Debtor seeks authorization to continue to deduct these funds and pay them to such governmental entities in the ordinary course of business. See id. ¶ 54.

Gordon Silver
Attorneys At Law
One East Washington
Suite 400
Phoenix, AZ 85004
(602) 256-0400

105013-001/2500558_2.doc

4

Case 2:14-bk-17914-EPB    Doc 23    Filed 12/05/14    Entered 12/05/14 01:08:00    Desc
Main Document    Page 4 of 10

15. In addition, Debtor is required to make matching payments from its own funds on account of social security and Medicare taxes, and to pay, based on a percentage of gross payroll (and subject to state-imposed limits), additional amounts to the taxing authorities for, among other things, state and federal unemployment insurance. Debtor seeks authorization to continue to pay these funds in the ordinary course of business. See id. ¶ 55.

16. In addition, in the ordinary course of its business, Debtor has accrued amounts for health and benefit programs and voluntary insurance plans, pertaining to services rendered by the Employees prior to the Petition Date (collectively, the "Employee Benefit Plans"). These benefits include health plans (i.e. medical, dental, vision, and life insurance), health savings accounts, various welfare plans (i.e. life insurance, disability insurances, accidental death and dismemberment insurance, long-term care and critical illness insurance), and other employee assistance programs. These employee benefit contributions (the "Employee Benefit Contributions") are an integral part of the compensation to which the Employees are entitled. The amount of Employee Benefit Contributions which will have accrued, but will remain unpaid, prior to the Petition Date is estimated to be less than $2,000.00. See id. ¶ 56.

17. In the ordinary course of their employment, certain authorized Employees may have used their own personal credit cards or expended their own personal funds on behalf of and for the benefit of Debtor ("Reimbursable Business Expenses"). The Chapter 11 Case was filed during Debtor's normal payroll periods for hourly and salaried Employees and during its normal reimbursement cycle for Reimbursable Business Expenses. Employees rendered services and incurred Reimbursable Business Expenses in anticipation of receiving their standard compensation and reimbursements; however, as of the Petition Date, such obligations may remain unpaid and unreimbursed. Debtor cannot provide a definitive amount of Reimbursable Business Expenses as of the Petition Date, but based upon prior business practices, would estimate that amount does not exceed $500. Debtor seeks authorization to pay such Reimbursable Business Expenses in the ordinary course of business. See id. ¶ 57.

18. Debtor's Wage Obligations and Employee Benefit Contributions to be paid to or for the benefit of each of the Employees pursuant to Debtor's wages and Employee Obligations

Gordon Silver
Attorneys At Law
One East Washington
Suite 400
Phoenix, AZ 85004
(602) 256-0400

105013-001/2500558_2.doc

5

Case 2:14-bk-17914-EPB   Doc 23   Filed 12/05/14   Entered 12/05/14 01:08:00   Desc
Main Document    Page 5 of 10

1  Motion will not exceed $12,475.00 per employee, consistent with the cap provided in Section
2  507(a)(4).  See id. ¶ 58.

3    19. If Debtor is unable to take the necessary steps to ensure that wages and taxes are
4  paid for the pay period commencing immediately prior to the Petition Date and concluding post-
5  petition, there is a significant risk that certain essential Employees will resign and that those
6  Employees that remain will be discontented.  See id. ¶ 59.

7    20. Debtor will have sufficient cash to honor all of the foregoing employee related
8  obligations as set forth herein if the debtor-in-possession financing is approved by the court.  See
9  id. ¶ 60.

10   21. Continued payment of Wage Obligations, Employee Benefit Contributions, and
11 Reimbursable Business Expenses, and maintaining their workers' compensation system, are
12 essential to preserve the morale and to maintain positive relations between Debtor and its
13 Employees.  If the relief requested in the Motion is not granted, the success of Debtor's
14 bankruptcy case will be placed in substantial jeopardy.  See id. ¶ 61.

## V.
## LEGAL AUTHORITIES

17   22. Continued payment of Wage Obligations, Employee Benefit Contributions, and
18 Reimbursable Business Expenses and maintaining their workers' compensation system, are
19 essential to preserve the morale and to maintain positive relations between Debtor and its
20 Employees.  If the relief requested herein is not granted, the success of Debtor's Chapter 11 Case
21 will be placed in substantial jeopardy.  See id.  Thus, the relief request in this Motion is in the
22 best interests of Debtor, its Estate, and its creditors.

23   23. Sections 105(a)[3] and 363(b),[4] in conjunction with Sections 507(a)(4)[5] and
24 507(a)(5)[6], and the "doctrine of necessity" established by case law, enable this Court to authorize

---

[3] Section 105(a) of the Bankruptcy Code provides that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

[4] Section 363(b)(1) of the Bankruptcy Code provides, in pertinent part, that "[t]he trustee, after notice and a hearing may use, sell, or lease, other than in the ordinary course of business, property of the estate . . ."

Gordon Silver
Attorneys At Law
One East Washington
Suite 400
Phoenix, AZ 85004
(602) 256-0400

6

105013-001/2500558_2.doc

Case 2:14-bk-17914-EPB    Doc 23    Filed 12/05/14    Entered 12/05/14 01:08:00    Desc
Main Document    Page 6 of 10

Debtor to continue payment of Wage Obligations, Employee Benefit Contributions, Reimbursable Business Expenses, and to honor Vacation and PTO Accrual.

24. The immediate payment of prepetition wage claims is necessary to retain Debtor's skilled employees; therefore, such payments are critical to maintaining Debtor's ongoing business and its reorganization efforts. As a result, courts have held that pursuant to Sections 105(a), 363(b), 507(a)(4), and 507(a)(5), pre-petition wage claims may be payable outside of a plan of reorganization by virtue of their necessity, as well as their priority. See In re CEI Roofing, Inc., 315 B.R. 50, 61 (Bankr. N.D. Tex. 2004); In re CoServ, L.L.C., 273 B.R. 487, 494 n. 10 (Bankr. N.D. Tex. 2002); In re The Colad Group, Inc., 324 B.R. 208, 214 (Bankr. W.D.N.Y. 2005); In re Equalnet Comm. Corp., 258 B.R. 368, 370 (Bankr. S.D. Tex. 2000); see also In re Adams Apple, Inc., 829 F.2d 1484, 1490 (9th Cir. 1987) (acknowledging the "doctrine of necessity," and noting that cases have permitted unequal treatment of pre-petition debts when necessary for rehabilitation, including specifically within the context of pre-petition wages); In re Ionosphere Clubs, Inc., 98 B.R. 174, 175 (Bankr. S.D.N.Y. 1989) (approving payment of pre-petition wages to current employees where it was necessary to pay such claims "in order to preserve and protect its business and ultimately reorganize, retain its currently working employees and maintain positive employee morale"); In re Gulf Air, Inc., 112 B.R. 152 (Bankr. W.D. La. 1989) (approving the payment of certain pre-petition wages, health insurance premiums, life insurance premiums, and workers' compensation premiums).

25. With respect to payroll taxes in particular, the payment of such taxes will not prejudice other creditors of Debtor's Estate as the relevant taxing authorities generally would

---

(continued)
11 U.S.C. § 363(b)(1).

[5] Section 507(a)(4) of the Bankruptcy Code provides, in pertinent part, a fourth priority claim for "allowed unsecured claims, but only to the extent of $12,475.00 for each individual . . . earned within 180 days before the date of filing of the petition . . . for - (A) wages, salaries, or commissions, including vacation, severance, and sick leave pay earned by an individual; . . ." 11 U.S.C. § 507(a)(4).

[6] Section 507(a)(5) of the Bankruptcy Code provides, in pertinent part, a fifth priority claim for "allowed unsecured claims for contributions to an employee benefit plan - (A) arising from services rendered within 180 days before the date of the filing of the petition . . . but only (B) to the extent of - (i) the number of employees covered by each such plan multiplied by $12,475.00; less (ii) the aggregate amount paid to such employees [for wages], plus the aggregate amount paid by the estate on behalf of such employees to any other employee benefit plan." 11 U.S.C. § 507(a)(5).

Gordon Silver
Attorneys At Law
One East Washington
Suite 400
Phoenix, AZ 85004
(602) 256-0400

105013-001/2500558_2.doc

7

Case 2:14-bk-17914-EPB    Doc 23    Filed 12/05/14    Entered 12/05/14 01:08:00    Desc
Main Document    Page 7 of 10

hold priority claims under sections 507(a)(8) of the Bankruptcy Code with respect to such obligations. Moreover, the portion of the payroll taxes withheld from Employees' wages on behalf of the applicable taxing authority is held in trust by Debtor. As such, these payroll taxes are not property of the Estate under section 541 of the Bankruptcy Code. See <u>Beiger v. IRS</u>, 496 U.S. 53 (1990).

26. Nothing contained herein is intended or shall be construed as: (i) an admission as to the validity of any claim against Debtor; (ii) a waiver of Debtor's or any party in interest's rights to dispute any claim; or (iii) an approval or assumption of any agreement, contract, program, policy or lease under section 365 of the Bankruptcy Code. Likewise, if this Court grants the relief sought herein, any payment authorized pursuant to the Court's order is not intended and should not be construed as an admission to any claim's validity or a waiver of Debtor's rights to dispute such claim subsequently.

## VI.
## NOTICE AND REQUEST FOR WAIVER OF THE STAY

27. Bankruptcy Rule 6004(h) provides that an "order authorizing the use, sale, or lease of property . . . is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise." In view of the urgency of the relief requested herein and the risk to Debtor's operations if Debtor cannot pay its Employees, a fourteen-day stay of the relief sought herein is impractical. Accordingly, Debtor requests that this Court waive the stay under Bankruptcy Rule 6004(h) and provide in the order granting the relief sought herein that such order shall be effective immediately.

28. Bankruptcy Rule 6003(b) provides "except to the extent that relief is necessary to avoid immediate and irreparable harm, the court shall not, within 21 days after the filing of the petition, grant relief regarding . . . a motion to use, lease or otherwise incur an obligation regarding property of the estate, including a motion to pay all or part of a claim that arose before filing of the petition. . . ." As described herein and in the Omnibus Declaration, if the outstanding Employee Obligations are not immediately satisfied, Debtor will experience immediate and irreparable harm. To ensure Debtor's success and maximize value for its

Gordon Silver
Attorneys At Law
One East Washington
Suite 400
Phoenix, AZ 85004
(602) 256-0400

105013-001/2500558_2.doc

8

creditors, this Court should find that the exception set forth in Bankruptcy Rule 6003 applies here.[7]

29. Debtor shall serve notice of this Motion on the following: (i) the Office of the United States Trustee for the District of Arizona; (ii) the holders of the twenty (20) largest unsecured claims against Debtor, or any official committee of unsecured creditors, if one is appointed pursuant to Section 1102 of the Bankruptcy Code; (iii) any other committee that is appointed pursuant to Section 1102 of the Bankruptcy Code; (iv) CapFlow; (v) Knobbe, Martens Olson & Bear, LLP (CA); (vi) Brent Roland; (vii) MERS; and (viii) other interested parties as listed on the service list, and any entity which files and serves on Debtor a request for special notice prior to the filing of this Motion.

30. Given the emergency nature of the relief requested herein, and the potential disruption to Debtor's business that will ensue if such relief requested is not granted, Debtor submits that no further notice need be given prior to granting the relief sought herein.

## VII.
## CONCLUSION

WHEREFORE, Debtor respectfully requests that the Court enter an order substantially in the form attached hereto as **Exhibit "1"** providing as follows: (A) authorizing, but not requiring, Debtor, in its sole discretion: (i) to pay Wage Obligations to its Employees; (ii) to make Employee Benefit Contributions or payments to or for the benefit of its Employees with respect to the Employee Benefit Plans; (iii) to pay all costs incident to Wage Obligations and employee benefit contributions such as payroll-related taxes and processing costs; (iv) to reimburse Employees for Reimbursable Business Expenses, all in accordance with the stated policies with respect thereto; and (v) to pay workers' compensation insurance; and (B) authorizing all applicable banks and other financial institutions to receive, process, honor and pay any and all checks related to the foregoing, including specifically those drawn from the Accounts, whether

---

[7] To the extent any of the relief requested herein is not granted on the Petition Date, in the alternative, and out of an abundance of caution, Debtor requests that the Court set a final hearing on any remaining matters on the earliest available date that is more than 21 days after the Petition Date pursuant to Bankruptcy Rule 6003.

Gordon Silver
Attorneys At Law
One East Washington
Suite 400
Phoenix, AZ 85004
(602) 256-0400

105013-001/2500558_2.doc

9

presented prior to or after the Petition Date in accordance with the stated policies with regard thereto, provided sufficient funds exist in Debtor's Accounts to cover such payments. Debtor also requests such other and further relief as is just and proper.

DATED this 4th day of December, 2014.

<div style="margin-left: 50%;">

GORDON SILVER

*/s/ Teresa M. Pilatowicz*
THOMAS J. SALERNO, ESQ.
TALITHA GRAY KOZLOWSKI, ESQ.
(*Pro Hac Pending*)
TERESA M. PILATOWICZ, ESQ.
One East Washington Street, Suite 400
Phoenix, Arizona 85004

and

HELLER, DRAPER, PATRICK, HORN & DABNEY, L.L.C.
WILLIAM H. PATRICK, III, ESQ.
(*Pro Hac Pending*)
TRISTAN E. MANTHEY, ESQ.
(*Pro Hac Pending*)
650 Poydras Street, Suite 2500
New Orleans, Louisiana 70130-6103

*Proposed Attorneys for Debtor*

</div>

Gordon Silver
Attorneys At Law
One East Washington
Suite 400
Phoenix, AZ 85004
(602) 256-0400

105013-001/2500558_2.doc