# UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF ARIZONA

# Minute Entry

## *Hearing Information:*

        **Debtor:** SNTECH, INC.
        **Case Number:** 2:14-BK-17914-EPB     **Chapter:** 11
        **Date / Time / Room:** TUESDAY, JANUARY 06, 2015 10:00 AM   7TH FLOOR #703
        **Bankruptcy Judge:** EDDWARD P. BALLINGER JR.
        **Courtroom Clerk:** ANNETTE AGUILAR
        **Reporter / ECR:** JENNIFER LOWRY

## *Matters:*

1) DEBTOR'S MOTION FOR AN ADMINISTRATIVE ORDER ESTABLISHING PROCEDURES FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS
   R / M #: 20 / 0

2) DEBTOR'S APPLICATION PURSUANT TO SECTIONS 327(a) AND 328(a) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 2014(a) FOR ENTRY OF AN ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF GORDIAN GROUP, LLC TO PROVIDE INVESTMENT BANKING AND FINANCIAL ADVISORY SERVICES ON A PERCENTAGE FEE BASIS, NUNC PRO TUNC TO THE PETITION DATE
   R / M #: 17 / 0

3) ACCELERATED HEARING ON DEBTORS MOTION FOR ENTRY OF ORDERS: (A)(I) APPROVING BID PROCEDURES RELATING TO SALE OF THE DEBTORS ASSETS, INCLUDING BID PROTECTIONS; (II) SCHEDULING A HEARING TO CONSIDER THE SALE; (III) APPROVING THE FORM AND MANNER OF SALE BY AUCTION; (IV) ESTABLISHING PROCEDURES FOR NOTICING AND DETERMINING CURE AMOUNTS; AND (V) GRANTING RELATED RELIEF; AND (B)(I)AUTHORIZING THE SALE OF DEBTORS ASSETS OUTSIDE OF THE ORDINARY COURSE OF BUSINESS FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS; (II) AUTHORIZING THE ASSUMPTION, SALE AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES; AND (III) GRANTING RELATED RELIEF
   R / M #: 63 / 0

4) ACCELERATED HEARING ON DEBTOR'S EMERGENCY MOTION FOR ADDITIONAL DEBTOR-IN-POSSESSION FINANCING IN ACCORDANCE WITH THE TERMS OF THE INTERIM DIP FINANCING ORDER [ECF NO. 80]
   R / M #: 117 / 0

## *Appearances:*

TERESA M PILATOWICZ/TALITHA KOZLOWSKI/TRISTAN MANTHEY, ATTORNEYS FOR SNTECH, INC.
LARRY WATSON, ATTORNEY FOR THE U.S. TRUSTEE
ERIC LOCKRIDGE/BRYAN ALBUE/BOB RUST, ATTORNEYS FOR MUNICIPAL EMPLOYEES RETIREMENT SYSTEM OF LOUISIANA (MERS)
DAVID HERMAN, PROPOSED INVESTMENT BANKER AND FINANCIAL ADVISOR (T)
BRADLEY STEVENS, ATTORNEY FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS
PETER KAUFMAN, EMPLOYEE WITH THE GORDIAN GROUP, LLC

Page 1 of 4

Case 2:14-bk-17914-EPB   Doc 126   Filed 01/06/15   Entered 01/07/15 10:46:52   Desc
Main Document   Page 1 of 4        01/07/2015  10:46:42AM

# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF ARIZONA

# Minute Entry

(continue)... 2:14-BK-17914-EPB          TUESDAY, JANUARY 06, 2015 10:00 AM

## *Proceedings:*

Mr. Stevens confirms no objections to his application have been filed.

The Court asks the parties if anyone objects. No one does.

Mr. Steven states an order has been uploaded.

COURT: The Court will sign the order.

ITEM # 1

Ms. Kozlowski informs the Court that the debtor and U.S. Trustee's Office have reached a general resolution and reviews the agreement. Mr. Watson concurs.

COURT: The Court directs debtor's counsel to upload a stipulated order including Mr. Watson's signature.

ITEM # 2

Ms. Kozlowski notes parties are available for additional testimony if needed.

Ms. Pilatowicz informs the Court that they have reached an agreement with the trustee as to the indemnification provisions and 328. She states the trustee has agreed to 328 review if Gordian agrees to waive the indemnification provisions, which they are willing to do if 328 is granted. She goes on to provide background information as to the Gordian Group and their importance to this case. She believes that if the Gordian Group leaves the process, a sale is not likely to occur. She asks that the Gordian Group be employed today and their compensation structure be approved.

Mr. Stevens states that most of the issues have been resolved through dialogue. He goes on to state his concerns but overall, believes it should go forward.

The Court engages discussion with Mr. Watson. Mr. Watson states that he discussed the matter with the committee who had an issue with the $50,000 pre-petition. He believes however, that it can be addressed at the scheduled final DIP hearing. He goes on to state his position.

The Court reviews the agreement of the parties.

COURT: The Court directs Ms. Pilatowicz to upload an appropriate form of order that is approved by the U.S. Trustee and the Official Committee of Unsecured Creditors.

ITEM # 3

Ms. Kozlowski explains the location of the sale is to offer the greatest flexibility. She goes on to state that most if not all of the concerns with the committee have been resolved. She places the number of agreements on the record and notes a confidentiality order can be worked out regarding certain information. She further states that the open issues relate to the qualified bidder requirements and sale location.

Mr. Stevens states that the committee's concern relates to their participation in the process. He states he would like to have some mechanism to come to the Court with concerns in the event something happens.

Mr. Watson states the bidding procedures he offered were to show how streamlined they can be while allowing the Court to maintain its discretion. He argues that the sale should take place in the courtroom.

Mr. Lockridge states that by having the sale outside the courtroom, it would allow for the most value of out the sale process. Further discussion ensues. Mr. Lockridge proceeds to answer the Court's questions.

Ms. Kozlowski suggests Mr. Kaufman comment as to the benefit of the sale taking place outside of the courtroom.

As it stands, the Court will not approve the sale outside the courtroom but will allow Mr. Kaufman to testify another time.

Ms. Kozlowski responds and would like to return today. The Court suggests returning at 2:00 p.m. today. Ms. Kozlowski agrees.

At that time, the Court also asks that the debtor provide a revised order regarding bid qualifications.

ITEM # 4

Ms. Kozlowski provides background information and reviews the prior DIP order.

Mr. Stevens states his position and expresses his concern as to whether or not the $60,000 will resolve the issue. He also asks for some assurance that this will not have a negative impact on the auction sale.

Mr. Lockridge has consulted with a lawyer in Korea who confirmed that if it is not paid this week, it will become a criminal matter. He believes this process will bring assets into the estate and be helpful for the auction.

Mr. Watson states the debtor has not been able to identify that the assets belong to the Korean entity and not to the estate. He goes on to state his position but has no objection.

Ms. Kozlowski notes the funds were asked for as part of the initial DIP and further addresses Mr. Stevens' concerns. She notes there are additional obligations but that the $60,000 solves the emergency.

COURT: The Court directs Ms. Kozlowski to upload an appropriate form of order for the Court to sign.

ITEM #3

Court reconvenes at 2:00 p.m.

Mr. Manthey asks for a short break to discuss the matter with Mr. Watson.

Page 3 of 4

Case 2:14-bk-17914-EPB    Doc 126    Filed 01/06/15    Entered 01/07/15 10:46:52    Desc
Main Document    Page 3 of 4                                                01/07/2015  10:46:42AM

# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF ARIZONA

# Minute Entry

(continue)...　　2:14-BK-17914-EPB　　　　TUESDAY, JANUARY 06, 2015 10:00 AM

A break is afforded.

Court reconvenes.

Ms. Kozlowski provides the Court with a red line version of the order and proceeds to review it. She states that with the said revisions and agreement, the committee and the U.S. Trustee are now comfortable with the bid procedures. She further states that the only issue is the auction location. Mr. Watson and Mr. Stevens concur.

Mr. Manthey calls Mr. Peter Kaufman to the stand for questioning. Mr. Stevens and Mr. Watson also question Mr. Kaufman.

The Court also questions Mr. Kaufman.

COURT: IT IS ORDERED approving debtor's request for venue and directs Ms. Kozlowski to upload a form of order for the Court to sign.