To the extent any of the provisions in this Order are contrary to rulings previously announced during hearings on the matters covered by this Order, the hearing pronouncements will control.

SO ORDERED.

Dated: January 9, 2015

Edward P. Ballinger Jr., Bankruptcy Judge

GORDON SILVER
THOMAS J. SALERNO, ESQ.
Arizona Bar No.: 007492
Email: tsalerno@gordonsilver.com
TERESA M. PILATOWICZ, ESQ.
Arizona Bar No.: 024447
Email: tpilatowicz@gordonsilver.com
One East Washington Street, Suite 400
Phoenix, Arizona 85004
Telephone: (602) 256-0400
Facsimile: (602) 256-0345

TALITHA GRAY KOZLOWSKI, ESQ.
Nevada Bar No. 9040 (*Admitted Pro Hac*)
Email: tgray@gordonsilver.com
3960 Howard Hughes Parkway, 9th Floor
Las Vegas, Nevada 89169
Telephone: (702) 796-5555
Facsimile: (702) 369-2666

HELLER, DRAPER, PATRICK, HORN &
DABNEY, L.L.C.
WILLIAM H. PATRICK, III, ESQ.
Louisiana Bar No. 10359 (*Admitted Pro Hac*)
E-mail: wpatrick@hellerdraper.com
TRISTAN E. MANTHEY, ESQ.
Louisiana Bar No. 24539 (*Admitted Pro Hac*)
E-mail: tmanthey@hellerdraper.com
650 Poydras St., Suite 2500
New Orleans, Louisiana 70130
Telephone: (504) 299-3300
Facsimile: (504) 299-3399

*Attorneys for Debtor*

# UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>SNTECH, INC., a Delaware corporation,<br><br>Debtor. | CASE NO.: 2:14-BK-17914-EPB<br><br>Chapter 11 Proceeding<br><br>Date: January 6, 2015<br>Time: 10:00 a.m. |

**ORDER: (I) APPROVING BID PROCEDURES RELATING TO SALE OF THE DEBTOR'S ASSETS, INCLUDING BID PROTECTIONS; (II) SCHEDULING A HEARING TO CONSIDER THE SALE; (III) APPROVING THE FORM AND MANNER OF NOTICE OF SALE BY AUCTION; (IV) ESTABLISHING PROCEDURES FOR NOTICING AND DETERMINING CURE AMOUNTS; AND (V) GRANTING RELATED RELIEF**

SNTech, Inc., a Delaware corporation, debtor and debtor-in-possession ("Debtor"), filed its motion for entry of an *Order: (I) Approving Bid Procedures Relating to Sale of the Debtor's Assets, Including Bid Protections; (II) Scheduling a Hearing to Consider the Sale; (III) Approving the Form and Manner of Notice of Sale by Auction; (IV) Establishing Procedures for Noticing and Determining Cure Amounts; and (V) Granting Related Relief* (the "Bid Procedures

Motion") [ECF No. 62],[1] which was heard and considered by the Court on January 6, 2015, at 10:00 a.m. (the "Hearing"). Counsels' appearances are reflected in the above-captioned Court's record of the Hearing. The Court read and considered the Bid Procedures Motion brought pursuant to Sections 105, 363, and 365 of Title 11 of the United States Code, 11 U.S.C. §§ 101, et seq. (the "Bankruptcy Code"), Rules 2002, 6004, 6006, and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and the other applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and Local Bankruptcy Rules for the District of Arizona (the "Local Rules"). It appearing that the relief requested in the Bid Procedures Motion is in the best interest of Debtor's bankruptcy estate, its creditors, and other parties-in-interest, and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY FOUND AND DETERMINED THAT:**

A. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

B. Notice of the Bid Procedures Motion was adequate and sufficient under the circumstances of this Chapter 11 Case and such notice complied with all applicable requirements of Sections 102 and 363 of the Bankruptcy Code, Bankruptcy Rules 2002, 6004, 6006, 9007, and 9014, and the other applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

C. Every objection to the relief requested in the Bid Procedures Motion that has not been withdrawn, waived, or settled as stated in documents filed with the Court or on the record at the Hearing, are overruled except as expressly set forth herein.

D. Debtor has articulated good and sufficient reasons for, and the best interests of its estate, creditors, and other parties-in-interest will be served by, this Court granting the relief requested in the Bid Procedures Motion, including approval of: (i) the Bid Procedures, including the minimum overbid amount; (ii) the procedures ("Procedures") described below for the

---

[1] Capitalized terms not otherwise defined in this Order shall have thee meanings set forth in the Bid Procedures Motion.

Case 2:14-bk-17914-EPB    Doc 138    Filed 01/09/15    Entered 01/12/15 11:48:55    Desc
Main Document    Page 2 of 8

determination of the amounts necessary to cure defaults under the Assumed Contracts and Leases (the "Cure Amounts") and to address any other disputes in connection with the assumption and assignment of the Assumed Contracts and Leases pursuant to Section 365 of the Bankruptcy Code; (iii) the Break-Up Fee described below; and (4) the form, timing, and manner of notice of the proposed Sale, the Bid Procedures, and the other matters described herein.

E. The *Bid Procedures* attached hereto as **Exhibit "A"** (the "Bid Procedures") are reasonable and appropriate under the circumstances of the Chapter 11 Case. Debtor is authorized to take any and all action necessary and appropriate to implement the Bid Procedures.

F. The *Notice of Bid Procedures, Auction Date, and Sale Hearing* substantially in the form attached hereto as **Exhibit "B"** (the "Auction Notice") is reasonably calculated to provide parties-in-interest with proper notice of the potential Sale of the Assets, the related Bid Procedures, the Sale Hearing, and the related implications on creditors and other parties-in-interest

G. The notice substantially in the form attached hereto as **Exhibit "C"** to be served on counterparties to the Assumed Contracts and Leases (the "Assumption Notice") is reasonably calculated to provide all counterparties to the Assumed Contracts and Leases with proper notice of the potential assumption and assignment of their executory contracts or unexpired leases, any Cure Amounts relating thereto, and the related Procedures.

H. Debtor has articulated good and sufficient reasons for, and the best interests of its estate and other parties-in-interest will be served by, this Court scheduling a Sale Hearing to consider entry of the Sale Order, including approval of the Sale of the Assets free and clear of all liens, Claims, encumbrances, and interests pursuant to Section 363(f) of the Bankruptcy Code.

I. Any finding of fact that would more appropriately be described as a conclusion of law shall be deemed to be conclusion of law.

**NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, CONCLUDED, AND DECREED AS FOLLOWS:**

1. The relief requested in the Bid Procedures Motion is granted as set forth in this Order.

2. The Bid Procedures, which are attached hereto **Exhibit "A"** and incorporated herein by this reference, are hereby approved in all respects and shall govern all Bids and Bid proceedings relating to the Sale of the Assets.

3. The Auction Notice and the Assumption Notice, attached hereto as **Exhibits "B" and "C,"** respectively, are approved in their entirety.

4. The proposed Sale of the Assets, the proposed assumption and assignment of the Assumed Contracts and Leases, the Auction, and the Sale Hearing shall be conducted in accordance with the provisions of the Bid Procedures and this Order.

5. The failure specifically to include or reference any particular provision of the Bid Procedures in this Order shall not diminish or impair the effectiveness of such procedure, it being the intent of the Court that the Bid Procedures be authorized and approved in their entirety.

6. Debtor, in consultation with the DIP Lender and the Committee, may select a Stalking Horse in accordance with the Bid Procedures and may grant the Bid Protections set forth in the Bid Procedures; provided, however, that the Bid Protections shall be subject in all respects to objection by the Committee, the United States Trustee, and other parties-in-interest, as well as the approval of the Bankruptcy Court after notice and a hearing, which hearing will be set within one week of the filing of a motion (the "<u>Bid Protections Motion</u>") seeking approval of the specific Bid Protections sought to be provided to the Stalking Horse.

7. Debtor is hereby granted an order shortening time to hear the Bid Protections Motion within no less than one week after the filing of the Bid Protections Motion, with oppositions due at 12:00 p.m. (MST) the day before the hearing on the Bid Protections Motion, and any replies due at 9:00 a.m. (MST) the day of the hearing on the Bid Protections Motion.

8. If a Stalking Horse is selected and the Court approves an alternate Sale accepted by Debtor as being the highest and best offer pursuant to the Bid Procedures, this Order, and the order approving the Bid Protections Motion to a person or entity other than the Stalking Horse, the Stalking Horse APA shall terminate and the Stalking Horse shall be entitled to the Bid Protections in accordance with the Bid Procedures, this Order, the order approving the Bid Protections Motion, and the Stalking Horse APA.

4

9.   Notwithstanding any other requirements set forth in the Bid Procedures, MERS shall be deemed a Qualified Bidder upon providing written notice to Debtor at least twenty-four hours before the Auction of its intent to Bid at the Auction.

10.   Within three (3) Business Days following the entry of this Order, Debtor shall serve by ECF or first-class mail, the Bid Procedures and Auction Notice on: (i) the Office of the United States Trustee; (ii) all parties known by Debtor to be asserting a lien on any of Debtor's Assets; (iii) the Internal Revenue Service; (iv) the Committee and all of Debtor's known creditors, equity security holders, and other parties-in-interest entitled to notice under Bankruptcy Rule 2002(a).

11.   On or before February 26, 2015, at 12:00 p.m. (MST), Debtor shall file and serve by email, facsimile, or Federal Express overnight delivery, at Debtor's election based on the information available to Debtor, the Assumption Notice to the counterparties to the Assumed Contacts and Leases. Counterparties to the Assumed Contracts and Leases (each a "Counterparty")[2] must file and serve an initial objection to the assumption and assignment of the Assumed Contracts and Leases, including the Cure Amounts, by March 5, 2015, 12:00 p.m. (MST) (the "365 Objection Deadline"); however, supplements to any such filed objections may be filed through 9:00 a.m. (MST) on the day of the Assumption Hearing (as defined below).

12.   Where a Counterparty to an Assumed Contract or Lease files an objection to the assumption by Debtor and assignment to the Prevailing Bidder of such Assumed Contract or Lease (the "Disputed Assumption") and/or asserting a cure amount higher than the proposed Cure Amounts listed on the Assignment Notice (the "Disputed Cure Amounts"), Debtor, the Prevailing Bidder, and the Counterparty shall meet and confer in good faith to attempt to resolve any such objection without Court intervention. If the dispute cannot be resolved without judicial intervention, then the determination of the assumption and assignment of the Disputed

---

[2] The inclusion of any agreement as an Assumed Executory Contract or Lease does not constitute an admission by Debtor that such agreement actually constitutes an executory contract or unexpired lease within the meaning of Section 365 of the Bankruptcy Code, and Debtor expressly reserves the right to challenge the status of any agreement included as an Assumed Contract or Lease until the conclusion of the Sale Hearing.

Assumption and/or the amount to be paid under Section 365 of the Bankruptcy Code with respect to the Disputed Cure Amounts will be determined by the Court at a hearing established for such purpose on March 10, 2015, 10:00 a.m. (MST) (the "<u>Assumption Hearing</u>").

13. Any Counterparty to an Assumed Contract or Lease that fails to timely object to the proposed Cure Amounts or the proposed assumption and assignment of an Assumed Contract or Lease by the Section 365 Objection Deadline is deemed to have consented to such Cure Amounts and the assumption and assignment of such Assumed Contract or Lease, and such party shall be forever barred from objecting to the Cure Amounts or such assumption and assignment and from asserting any additional cure or other amounts against Debtor, its estate, or the Prevailing Bidder.

14. Except as may otherwise be agreed to by the parties to an Assumed Contract or Lease, the defaults under the Assumed Contracts or Lease that must be cured in accordance with Section 365(b) of the Bankruptcy Code shall be cured as follows: (i) the Prevailing Bidder shall pay all Cure Amounts relating to an Assumed Contract or Lease upon the earlier of (i) the Closing, or five (5) Business Days after the Court enters an order approving the Sale Order, or (ii) with respect to Disputed Cure Amounts, within three (3) Business Days after the amount thereof is finally determined.

15. Notwithstanding anything to the contrary herein, no executory contract or unexpired lease will be assumed unless and until the occurrence of the Closing of the Sale of the Assets and in accordance with the terms of the APA executed by the Prevailing Bidder.

16. Debtor shall promptly advise counsel for the United States Trustee and the Committee should Debtor determine that any bidder has not met the requirements to be a Qualified Bidder and is therefore precluded from bidding at the auction. To the extent that the United States Trustee or any other party objects to a bidder not being designated a Qualified Bidder, that party shall file such objection with the Court and notify counsel for the Debtor, the Committee, and the DIP Lender of the objecting party's request for an immediate hearing to address the objection, which hearing shall be scheduled for February 24, 2015.

. . .

6

102261-001/2512058_7

Case 2:14-bk-17914-EPB    Doc 138    Filed 01/09/15    Entered 01/12/15 11:48:55    Desc
Main Document    Page 6 of 8

17. Any other objections to the relief requested at the Sale Hearing or to the proposed form of order attached as Exhibit "2" to the Bid Procedures Motion (the "<u>Sale Order</u>") shall be in writing, shall state the basis of such objection with specificity, and shall be filed with the Court on or before February 12, 2015, and served in accordance with the Auction Notice so as to be received by: (i) Debtor's counsel; (ii) the DIP Lender's counsel; (iii) the Committee's counsel; and (iv) the Office of the United States Trustee; provided, however, that supplements to any such objections may be presented at the Sale Hearing on February 26, 2015, at 10:00 a.m.

18. Compliance with the notice provisions set forth in this Order constitutes appropriate and sufficient notice of Debtor's propose Sale of its Assets, the contemplated assumption and assignment of the Assumed Contracts and Leases, and the proposed Cure Amounts, and no additional notice of such contemplated transactions need be given.

19. The failure of any objecting person or entity to timely file its objection shall be a bar to the assertion, at the Sale Hearing or thereafter, of any objection to the Bid Procedures Motion, or the consummation and performance of the Sale of the Assets.

20. Other than the Stalking Horse's right to the Bid Protections, no person or entity shall be entitled to any expense reimbursement, break-up fees, "topping," termination, or other similar fee or payment in connection with the Bid Procedures.

21. Notwithstanding anything to the contrary in the Bid Procedures or herein, the Committee is hereby granted an order shortening time to hear any issues arising from the approved Bid Procedures within no less than one week after the filing a request for such hearing, with oppositions due at 9:00 a.m. (MST) the day before the hearing, and any replies due at 9:00 a.m. (MST) the day of the hearing.

22. Unless expressly set forth herein, all time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

23. Notwithstanding the possible applicability of Bankruptcy Rules 6004, 6006, 7062, 9014 or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

102261-001/2512058_7

Case 2:14-bk-17914-EPB    Doc 138    Filed 01/09/15    Entered 01/12/15 11:48:55    Desc
Main Document    Page 7 of 8

24. Debtor is authorized and empowered to take such steps, expend such sums of money to the extent authorized under the Orders approving Debtor's debtor-in-possession financing, and do such other things as may be necessary to implement and effect the terms and requirements established and relief granted in this Order.

25. The Court shall retain jurisdiction over any matter or dispute arising from or relating to the implementation of this Order.

26. Any conclusion of law that would more appropriately be described as finding of fact shall be deemed to be finding of fact.

**Signed and Dated Above**