# EXHIBIT A

# EXHIBIT A

# BID PROCEDURES

These bid procedures (the "<u>Bid Procedures</u>") set forth the process by which SNTech, Inc. ("<u>Debtor</u>") shall market and sell, in one or more transactions, its assets to interested parties and conduct a sale by public auction (the "<u>Auction</u>").

On December 15, 2014, Debtor filed its *Debtor's Motion For Entry of Orders: (A)(I) Approving Bid Procedures Relating to Sale of the Debtor's Assets, Including Bid Protections; (II) Scheduling a Hearing to Consider the Sale; (III) Approving the Form and Manner of Notice of Sale by Auction; (IV) Establishing Procedures for Noticing and Determining Cure Amounts; and (V) Granting Related Relief; and (B)(I)Authorizing the Sale of Debtor's Assets Outside of the Ordinary Course of Business Free and Clear of All Liens, Claims, Encumbrances, and Interests; (II) Authorizing the Assumption, Sale, and Assignment of Certain Executory Contracts and Unexpired Leases; and (III) Granting Related Relief* (the "<u>Bid Procedures Motion</u>") with the United States Bankruptcy Court for the District of Arizona (the "<u>Bankruptcy Court</u>"). On January __, 2015, the Bankruptcy Court entered its order approving the Bid Procedures Motion (the "<u>Bid Procedures Order</u>"),[1] thereby approving these Bid Procedures and establishing the time and date of the hearing to approve the sale of Debtor's Assets (the "<u>Sale Hearing</u>").

In accordance with the Bid Procedures, Debtor will solicit bids ("<u>Bids</u>") to determine the highest or otherwise best offer for the sale of Debtor's assets (collectively, the "<u>Assets</u>") at the Auction under the provisions of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), which sale shall be free and clear of liens, claims, encumbrances, and interests to a Qualified Bidder (as defined herein) that is determined to have made the highest or otherwise best offer in accordance with the Bidding Procedures (the "<u>Prevailing Bidder</u>," and the related Bid, the "<u>Prevailing Bid</u>"). Bids may seek to purchase all, or a clearly identified segment, of the Assets.

The Assets held for sale include substantially all of the personal tangible and intangible assets owned by Debtor relating to its business of manufacturing pump equipment and the sale of OEM and after-market Heating, Ventilating, and Air Conditioning equipment.

Potential Bidders seeking information about the due diligence or qualification process should contact:

> Gordian Group LLC,
> Attn: Shawn O'Brien
> 950 Third Avenue
> New York, NY 10022
> Phone: 212.486.3600
> Email: so@gordiangroup.com

---

[1] Capitalized terms not otherwise defined in these Bidding Procedures shall have the meanings ascribed to them in the Bidding Procedures Order or Sale Motion, as applicable.

A. **Important Dates (as more fully discussed herein).**

- *Due Diligence Must Be Completed* – February 23, 2015

- *Bid Deadline* – February 23, 2015, 5:00 p.m. (MST)

- *Auction* – February 25, 2015, at 10:00 a.m. (MST)

- *Sale Hearing* – February 26, 2015, at 10:00 a.m. (MST)

B. **Participation Requirements and Due Diligence.**

1. In order to participate in the bidding process, the Auction, or otherwise be considered for any purpose hereunder, a person interested in purchasing the Assets (a "Potential Bidder") must first deliver the following materials to Debtor and its counsel:

    (a) An executed confidentiality agreement in form and substance satisfactory to Debtor and its counsel (the "Confidentiality Agreement"). Without limiting the foregoing sentence, the Confidentiality Agreement will provide that all non-public information about Debtor received by a Potential Bidder, or if the bidder is qualified, a Qualified Bidder, will be kept strictly confidential and used only in connection with analyzing a transaction for the purchase of the Assets. The Confidentiality Agreement also will provide that Debtor and its advisors will have access to information provided about a Potential Bidder by or on behalf of the Potential Bidder and that any confidential information received from or on behalf of a Potential Bidder will be used only in connection with analyzing whether the Potential Bidder will be qualified as a Qualified Bidder and a potential transaction for the Assets.

    (b) Written evidence that enables Debtor and its advisors to determine, in its sole discretion, whether the Potential Bidder has the financial and other ability to close the contemplated sale transaction and provide adequate assurance of future performance under all contracts to be assumed and assigned in connection therewith.

    (c) Debtor shall provide these Bidding Procedures, together with a copy of a form Asset Purchase Agreement (the "APA"), to each Potential Bidder. All Potential Bidders, whether deemed Qualified Bidders (as defined below) or not, consent to the jurisdiction of this Bankruptcy Court to determine matters concerning the sale, their Bid, and otherwise with respect to the process and waive any right to any other venue.

2. Any Potential Bidder wishing to conduct due diligence concerning a prospective acquisition transaction of all or a portion of the Assets shall be granted access to all information deemed relevant by Debtor regarding the Assets and the related business of Debtor reasonably necessary to enable a Potential Bidder to evaluate the Assets and the prospective transaction and to the extent readily available or reasonable prepareable by Debtor in light of its circumstances, all with the understanding that this is an "as is, where

2

is" transaction. Debtor shall make such access available to Potential Bidders during normal business hours as soon as reasonably practicable following execution of the Confidentiality Agreement. Potential Bidders interested in conducting due diligence should contact Shawn O'Brien, Gordian Group LLC, 950 Third Avenue, NY, NY 10022 (so@gordiangroup.com; 212.486.3600). Notwithstanding the foregoing, Debtor is not required to provide confidential or proprietary information to any person if Debtor believes that such disclosure would be detrimental to the interests of Debtor's estate. All due diligence must be completed before the Bid Deadline unless Debtor, in its sole discretion, agrees in writing otherwise. Unless authorized in writing by Debtor before the submission of a Bid, no conditions allowing or regarding further due diligence will be accepted or authorized after the Bid Deadline. Potential Bidders are required to exercise their own discretion before relying on any information regarding the Assets provided by Debtor. Neither Debtor nor its representatives (nor the DIP Lender or its representatives) are responsible for, and will bear no liability with respect to, any information obtained by Potential Bidders pursuant hereto.

3. Debtor shall: (a) receive and evaluate any Bids from Potential Bidders; (b) request information from Potential Bidders, engage in discussions with Potential Bidders, and take such other actions to determine whether any Bid constitutes or could lead to a Qualified Bid; and (c) take any other actions contemplated under these Bidding Procedures.

C.  **Selection of and Bid Protections to a Stalking Horse.**

4. Debtor, in consultation with the DIP Lender and the Committee, may enter into an APA with any Potential Bidder (the "Stalking Horse") for the sale of all, or a clearly identified portion of, Debtor's Assets (the "Stalking Horse APA") and may, in consultation with the DIP Lender and the Official Committee of Unsecured Creditors appointed in the Chapter 11 Case (the "Committee") and subject to the approval of the Bankruptcy Court, grant such Staking Horse one or more of the protections set forth in paragraph 5 below (the "Bid Protections").

5. Recognizing the Stalking Horse's expenditure of time, energy, and resources, as well as the Stalking Horse's willingness to enter into the Staking Horse APA, and provided the Stalking Horse and the Stalking Horse Bid satisfy all of the requirements of a Qualified Bidder and a Qualified Bid, respectively, by that date (except as waived in writing by Debtor and the DIP Lender), Debtor may, subject to objection by the United States Trustee, the Committee, and other parties-in-interest and upon the approval of the Bankruptcy Court: (a) provide, subject to the terms of the Stalking Horse APA, a break-up fee not to exceed 3.5% of the purchase price in the Stalking Horse APA (the "Break-Up Fee"); and (b) such non-monetary protections as Debtor, in its sole discretion after consultation with both the DIP Lender and the Committee, determine to be in the best interest of Debtor's estate.

6. The Break-Up Fee shall be payable in the event that all or a material portion of the Assets are sold to a Prevailing Bidder that is not the Stalking Horse. In such case, the Break-Up Fee shall be paid through escrow at the closing of the sale of the Assets.

3

**D. Submission of Bids.**

7. Any Qualified Bidder interested in purchasing all or a portion of the Assets must submit a Bid prior to 5:00 p.m. (MST) on February 23, 2015 (the "<u>Bid Deadline</u>").

8. Debtor and its advisors, in their sole discretion, but after consultation with the Committee and the DIP Lender, will determine if a Bid is a Qualified Bid based on the requirements herein. A Potential Bidder will be deemed to be a "Qualified Bidder" if Debtor, in its sole discretion, determines that such Potential Bidder submitted a Qualified Bid.

9. A Bid will be considered a "Qualified Bid" only if the Bid fulfills the following requirements on or prior to the Bid Deadline (capitalized terms used in this section are defined later in the Bidding Procedures):

   (a) Provides that the Qualified Bidder's Bid shall remain open and irrevocable until the earlier of: (i) thirty (30) days following the date of entry of a Sale Order; or (ii) the date of the closing of the sale of the Assets pursuant to the Sale Order;

   (b) Provides that the Qualified Bidder is obligated to perform as a Back-Up Bidder (as defined below) in the event such Qualified Bidder is not the Prevailing Bidder;

   (c) Is made by a person or entity that demonstrates evidence of fully committed and firm financing for each component of debt or equity in support of such Bid and other ability to consummate the proposed transaction, in each case acceptable to Debtor in its sole discretion;

   (d) Provides written evidence that the Qualified Bidder has obtained authorization and approval from its board of directors (or comparable governing body) and its equity holders, if necessary, with respect to the submission of its Bid and the execution of the APA, or a representation that no such authorization or approval is required;

   (e) Provides by wire transfer or immediately available funds to Debtor's counsel's trust account or to an appropriate escrow agent approved by Debtor's counsel in writing in advance, at Debtor's election, before the Bid Deadline of an earnest money deposit equal to: (i) 5% of the dollar amount of the purchase price of such Bid; or (ii) 5% of the value of such Bid (the "<u>Deposit</u>"), which Deposit shall be treated in accordance with paragraphs 21, 23, and 24 below;

   (f) Is submitted in a writing in the form of the APA with any proposed changes to the APA set forth in an electronic form both clean and marked to reflect such changes signed by the Qualified Bidder, that:

   (i) Identifies the Qualified Bidder and any members of its investor group, if applicable;

   (ii) Identifies with specificity what Assets the Qualified Bidder seeks to purchase;

4

105013-002/2504689_8.doc
Case 2:14-bk-17914-EPB    Doc 138-1    Filed 01/09/15    Entered 01/12/15 11:48:55
Desc Exhibit A    Page 5 of 11

(iii) Is not subject to conditions, representations, or terms that Debtor determines to be unacceptable;

(iv) Is not conditioned upon the Bankruptcy Court's approval of any Bid protections, such as a break-up fee, termination fee, expense reimbursement, working fee or similar type of payment; provided, however, Debtor may provide, subject to the approval of the Bankruptcy Court, the Bid Protections to the Stalking Horse;

(v) Does not contain any financing or due diligence contingencies to closing the proposed transaction unless Debtor otherwise agrees in writing that such contingencies are acceptable;

(vi) Does not contain any condition to closing the transaction relating to the receipt of any third party or governmental approvals (excluding required Bankruptcy Court approval);

(vii) Expressly acknowledges and represents that the Qualified Bidder: (A) has had an opportunity to conduct any and all due diligence regarding the Assets and the proposed transaction prior to making its Bid; (B) has relied solely upon its own independent review, investigation, and/or inspection of any documents and the Assets in making its Bid or that of any of its legal, financial, or other advisors; and (C) did not rely upon any written or oral statements, representations, promises, warranties, or guaranties whatsoever, whether express, implied, by operation of law or otherwise, regarding the business of Debtor or the Assets or the proposed transaction, or the completeness or accuracy of any information provided in connection therewith, except as expressly stated in the representations and warranties contained in the APA ultimately accepted and executed by Debtor;

(viii) Identifies each and every executory contract and unexpired lease that the Qualified Bidder desires Debtor to assume and assign to the Qualified Bidder at the closing and provides evidence of such Qualified Bidder's ability to provide adequate assurance of future performance of such contracts or leases (as required by section 365(f)(2)(B) of the Bankruptcy Code) along with the Bid;

(ix) Includes a written acknowledgment by such Qualified Bidder that it agrees to the terms of these Bidding Procedures;

(x) Includes a written acknowledgment by such Qualified Bidder that it does not have any lien rights against Debtor or its Assets and expressly waives any right to assert or file any lis pendens or other lien or claim against the Assets;

(xi) Provides for a closing date that is no later than seven (7) days after entry of the Sale Order or such later date as is acceptable to Debtor

5

(xii) Provides that, upon the written request of the DIP Lender, the Qualified Bidder agrees to provide within a reasonable time prior to the Auction, an allocation of the Bid amount to the Assets included in the APA, which allocation shall increase pro rata should the Qualified Bidder submit higher Bids at the Auction; and

(xiii) Contains all other information reasonably requested by Debtor.

10. A Qualified Bidder that desires to make a Bid must deliver written electronic copies of its Bid on or prior to the Bid Deadline to *everyone* identified in subparagraghs (a) through (g) below:

    (a) Shawn O'Brien, Gordian Group LLC, 950 Third Avenue, New York, New York 10022, so@gordiangroup.com;

    (b) Peter Kaufman, Gordian Group LLC, 950 Third Avenue, New York, New York 10022, psk@gordiangroup.com;

    (c) David Herman, Gordian Group LLC, 950 Third Avenue, New York, New York 10022, dh@gordiangroup.com;

    (d) Teresa Pilatowicz, Gordon Silver, One East Washington, Suite 400, Phoenix, Arizona 85004, tpilatowicz@gordonsilver.com;

    (e) William Patrick, III, Heller, Draper, Patrick, Horn & Dabney, LLC, 650 Poydras Street, Ste. 2500, New Orleans, Louisiana 70130, wpatrick@hellerdraper.com;

    (f) J. Eric Lockridge, Kean Miller LLP, 400 Convention Street, Suite 700, Baton Rouge, Louisiana 70802, eric.lockridge@keanmiller.com; and

    (g) Bradley J. Stevens, Jennings, Strouss & Salmon, P.L.C., One East Washington, Suite 1900, Phoenix, Arizona 85004, bstevens@jsslaw.com.

11. After the Bid Deadline, Debtor, in its sole discretion, but in consultation with the DIP Lender and the Committee, shall determine which Qualified Bid represents the then-highest or otherwise best bid (the "Initial Highest Bid" and the entity submitting such Bid, the "Initial Highest Bidder"). Prior to or at the start of the Auction, each Qualified Bidder that timely submitted a Qualified Bid will be advised of such Initial Highest Bid and Debtor may: (a) distribute copies of other Qualified Bids to other Qualified Bidders prior to or during the Auction; or (b) proceed with the open or sealed bidding process set forth in the Bidding Procedures Order to the extent authorized therein.

. . .

. . .

**E. Due Diligence From Potential Bidders or Qualified Bidders.**

12. Each Potential Bidder shall comply with all reasonable requests for additional information by Debtor or its advisors regarding such Potential Bidder's financial wherewithal to consummate and perform obligations in connection with the acquisition of the Assets. Failure by a Potential Bidder to comply with requests for additional information is a basis for Debtor to determine that a Potential Bidder is not a Qualified Bidder. Similarly, each Qualified Bidder shall comply with all reasonable requests for additional information by Debtor or its advisors regarding such Qualified Bidder's financial wherewithal to consummate and perform obligations in connection with the acquisition transaction of the Assets as the Auction progresses. Failure by a Qualified Bidder to comply with requests for additional information is a basis for Debtor to determine that the Qualified Bidder may no longer participate in the Auction.

**F. "As Is, Where Is."**

13. The sale of the Assets shall be on an "as is, where is" basis and without representations or warranties of any kind, nature, or description by Debtor, its agents, or estate or any other party, except to the extent set forth in the APA between Debtor and the Prevailing Bidder. Except as otherwise provided in the Prevailing Bidder's APA, all of Debtor's right, title and interest in and to the Assets shall be sold free and clear of all pledges, liens, security interests, encumbrances, claims, charges, options, and interests therein (collectively, the "Claims") pursuant to Section 363(f) of the Bankruptcy Code, such Claims to attach to the net proceeds of the sale of the Assets, with the same validity and priority as existed immediately prior to such sale.

**G. The Auction.**

14. If more than one Qualified Bid has been submitted for the Assets in accordance with these Bidding Procedures, Debtor will conduct the Auction on February, 25, 2015, at 10:00 a.m., (MST), with respect to such Qualified Bids in order to determine the highest and best Bid (the "Prevailing Bid") to submit for approval by the Bankruptcy Court at the Sale Hearing. The Auction shall be organized and conducted by Debtor at Gordon Silver, One East Washington, Suite 400, Phoenix, Arizona 85004, or such other location as may be announced prior to the Auction to all Qualified Bidders, the DIP Lender, the U.S. Trustee, and the Committee.

15. The only persons or entities who will be permitted to Bid at the Auction are the authorized representatives of each Qualified Bidder (the "Auction Participants"). While only the Auction Participants may make Qualified Bids at the Auction, the Auction may be attended and viewed also by Debtor, the DIP Lender, the Committee, and their respective counsel, financial advisors, and/or other authorized representatives and such other parties as agreed to by Debtor, in its sole discretion.

16. Each Qualified Bidder participating in the Auction shall confirm at the Auction that it has not engaged in any collusion regarding these Bid Procedures with any other Qualified Bidder, concerning the Auction, or any proposed transaction relating to all or a portion of the Assets.

17. Debtor is authorized to conduct the Auction in accordance with such procedures and requirements as may be established at the discretion of Debtor and its counsel, in consultation with counsel to the DIP Lender and the Committee, which rules may include, but shall not be limited to, the determination of the amount of time between Qualified Bids, whether to adjourn the Auction at any time and from time to time, the conducting of multiple rounds of open or sealed bidding with notice only to the parties entitled to attend the Auction, and to declare that the Auction has ended when no further Bids are timely made or otherwise.

18. The first Qualified Bid at the Auction shall be deemed to have been made by the Initial Highest Bidder in the amount of the Initial Highest Bid. The next Qualified Bid at the Auction shall be an amount equal to or greater than the Initial Highest Bid plus no less than $100,000. Thereafter, the Auction will continue in the manner determined by Debtor above; provided, however: (a) additional Bids must be Qualified Bids (except that subsequent Qualified Bids made at the Auction, although received from a Qualified Bidder that made a Qualified Bid prior to the Bid Deadline, need not be received by the Bid Deadline); and (b) all subsequent Qualified Bids made during the Auction must be made in higher increments of at least $25,000, unless otherwise determined by Debtor, in its sole discretion, and announced by Debtor at the Auction.

19. Debtor, in consultation with the DIP Lender and the Committee, shall determine, in its sole discretion, whether a Qualified Bid by a Qualified Bidder at the Auction matches or is higher and better than the prior Qualified Bid.

20. At the conclusion of the Auction: (a) Debtor shall, in its sole discretion but in consultation with the DIP Lender and the Committee, select: (i) the Prevailing Bid, and (ii) the second highest or best offer for the Assets (the "Back-Up Bid"); (b) Debtor shall notify the Prevailing Bidder that such person's offer has been determined by Debtor to be the Prevailing Bid and will be contingent only on Bankruptcy Court approval, and shall notify the person that made the Back-Up Bid (the "Back-Up Bidder") that such person's offer has been determined by Debtor to be a Back-Up Bid and will be contingent only on the failure of the Prevailing Bid to close as set forth below and Bankruptcy Court approval; and (c) Debtor shall file a notice with the Bankruptcy Court announcing the Prevailing Bidder. Prior to the commencement of the Sale Hearing, the Prevailing Bidder shall complete and sign all agreements and documents as necessary to bind the Prevailing Bidder to all of the terms and conditions contemplated by the Prevailing Bid. For the avoidance of doubt, the Sale to the Prevailing Bidder is subject in all respects to the Bankruptcy Court's entry of the Sale Order approving the Sale to the Prevailing Bidder after consideration of the evidence presented at and in conjunction with the Sale Hearing, including any testimony by Debtor and Debtor's investment banker, the Gordian Group LLC.

21. The Deposit of the Prevailing Bidder or the Back-Up Bidder, as the case may be, shall be held by Debtor and applied by Debtor against the purchase price to be paid by the Prevailing Bidder or the Back-Up Bidder, as applicable, at the closing of the relevant transaction approved by the Bankruptcy Court. The Prevailing Bidder's Deposit shall be

held by Debtor and forfeited to Debtor if the Prevailing Bidder breaches its obligations to close under the APA.

22. Debtor shall not be deemed to have finally accepted any Qualified Bid unless and until such Qualified Bid and Debtor's acceptance thereof have been authorized by order of the Bankruptcy Court following the conclusion of the Sale Hearing.

**H.    Back-Up Bidder.**

23. If for any reason the Prevailing Bidder fails to consummate the acquisition of the Assets in accordance with the Prevailing Bid, and in any event no later than seven (7) days from the entry of the Sale Order, unless otherwise extended in writing by Debtor, Debtor is authorized to proceed with the sale of the Assets to the Back-Up Bidder in accordance with the Back-Up Bid without further order of the Bankruptcy Court. If for any reason the Back-Up Bidder fails to consummate the acquisition of the Assets in accordance with the Back-Up Bid, the Back-Up Bidder's Deposit shall be forfeited to Debtor.

**I.    Deposit.**

24. No later than the third (3rd) business day following the entry of the Sale Order, Debtor shall return to each Qualified Bidder(s), other than the Prevailing Bidder and the Back-Up Bidder, its respective Deposit(s). No later than the third (3rd) business day after the closing of the sale of the Assets to the Prevailing Bidder, Debtor shall return the Back-Up Bidder's Deposit to the Back-Up Bidder.

**J.    Sale Hearing and Objection Deadline.**

25. The Sale Hearing to consider the relief requested in the Sale Motion (defined below) and to consider whether to approve the Prevailing Bid and the Back-Up Bid shall be held before the Bankruptcy Court on February 26, 2015, at 10:00 a.m. (MST) (the "Sale Hearing"), at which time the Court will enter the order approving the sale (the "Sale Order").

26. Objections, if any, to the to approval of the sale of Assets to the Prevailing Bidder (the "Sale Motion"), other than an objection to the proposed assumption and assignment of the Designated Agreements or to any proposed Cure Costs, including, but not limited to, the sale of the Assets free and clear of Claims pursuant to 11 U.S.C. § 363(f) shall be: (a) be in writing; (b) clearly specify the grounds for the objection; (c) conform to the Bankruptcy Rules and the Local Rules; and (d) be filed with the Court and served so as to be received by the following parties by email (collectively, the "Objection Notice Parties") by February 12, 2015 (the "Objection Deadline"): (1) counsel for Debtor, Teresa M. Pilatowicz: tpilatowicz@gordonsilver.com and William H. Patrick, III: wpatrick@hellerdraper.com; (2) counsel for the DIP Lender, Eric Lockridge: eric.lockridge@keanmiller.com; (3) counsel for the Committee, Bradley J. Stevens: bstevens@jsslaw.com; and (4) counsel for the United States Trustee, Larry L. Watson: larry.watson@usdoj.gov; provided, however, that supplements to any subject objections may be presented at the time of the Sale Hearing.

27. Any person objecting to the Sale Motion that has not filed an objection by the Objection Deadline shall not be heard at the Sale Hearing and shall be barred from objecting to the Sale Motion.

**K.    Modifications.**

28. Debtor in its sole discretion, but in consultation with the DIP Lender and the Committee, may, without further notice or approval, adopt, implement, and/or waive such other, additional or existing procedures or requirements that serves to further an orderly Auction and bid process, including, but not limited to, the imposition of a requirement that all Qualified Bidders submit sealed Qualified Bids during the Auction.

29. Debtor, in its sole discretion but in consultation with the DIP Lender and the Committee, may: (a) determine which Qualified Bid, if any, is the Prevailing Bid; and (b) reject at any time before entry of the Sale Order approving the Prevailing Bid, any Bid that, in the sole discretion of Debtor, in consultation with the DIP Lender and the Committee, is (i) inadequate or insufficient; (ii) not in conformity with the requirements of the Bankruptcy Code or the Bidding Procedures; or (iii) contrary to the best interests of Debtor's estates and its creditors. At or before the conclusion of the Auction, Debtor in its sole discretion, but in consultation with the DIP Lender and the Committee, may impose such other terms and conditions upon Qualified Bidders as Debtor determines to be in the best interest of Debtor's estate.