# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF ARIZONA

# Minute Entry

## *Hearing Information:*

|  |  |
|---|---|
| **Debtor:** | SNTECH, INC. |
| **Case Number:** | 2:14-BK-17914-EPB    **Chapter:** 11 |
| **Date / Time / Room:** | TUESDAY, JANUARY 20, 2015 11:00 AM   7TH FLOOR #703 |
| **Bankruptcy Judge:** | EDDWARD P. BALLINGER JR. |
| **Courtroom Clerk:** | ANNETTE AGUILAR |
| **Reporter / ECR:** | JENNIFER LOWRY |

## *Matter:*

FINAL HEARING ON DEBTOR'S MOTION 1) AUTHORIZING DEBTOR TO OBTAIN POST PETITION FINANCING, 2) GRANTING LIENS AND SUPERPRIORITY ADMINISTRATIVE EXPENSE, 3) AUTHORIZING USE OF CASH COLLATERAL

**R / M #:**   26 / 0

## *Appearances:*

LARRY L. WATSON, US TRUSTEE
TERESA M PILATOWICZ/WILLIAM H. PATRICK III, ATTORNEY FOR SNTECH, INC.
TALITHA GRAY KOZLOWKSI, ATTORNEY FOR SNTECH, INC.
DAVID D. CLEARY, ATTORNEY FOR ROLAND INTERESTS, LLC AND BRENT ROLAND (T)
J. ERIC LOCKRIDGE/BOB RUST, ATTORNEY FOR MUNICIPAL EMPLOYEE RETIREMENT SYSTEM
BRADLEY JAY STEVENS/KAMI HOSKINS, ATTORNEY FOR OFFICIAL COMMITTEE OF UNSECURED CREDITOR
PETER KAUFMAN/DAVID HERMAN, WITH THE GORDIAN GROUP, LLC

# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF ARIZONA
# Minute Entry

(continue)... 2:14-BK-17914-EPB       TUESDAY, JANUARY 20, 2015 11:00 AM

*<u>Proceedings:</u>*

The Court has read the recently filed materials.

Ms. Kozlowksi states very productive discussions with the committee and MERS have occurred. She asks the Court allow the parties to return this afternoon to continue discussions in effort to reach a resolution.

Mr. Stevens concurs and states progress is being made.

Mr. Watson informs the Court he may appear telephonically.

Court: Will resume at 2:00 p.m.

Court resumes at 2:15 p.m.

Ms. Kozlowksi informs the Court a resolution has been reached as to the DIP objections and have also worked out a carve out for the unsecured creditors. She proceeds to explain the modifications to the budget and the carve out. She proposes the parties work together to provide the Court with orders including the signatures of respective parties.

Mr. Watson states that he did not participate but is fine with the terms.

Mr. Stevens further adds that the debtor will provide any documents related to the unsecured portion of the Roland claim. He notes he has been provided with documentation relating to the secured portion. He further states a second order will set out the details of the carve out.

COURT: The Court will await the orders.