| | |
|---|---|
| GORDON SILVER | HELLER, DRAPER, PATRICK, HORN & |
| THOMAS J. SALERNO, ESQ. | DABNEY, L.L.C. |
| Arizona Bar No.: 007492 | WILLIAM H. PATRICK, III, ESQ. |
| Email: tsalerno@gordonsilver.com | Louisiana Bar No. 10359 (*Admitted Pro Hac*) |
| LOREN A. MORRIS, ESQ. | E-mail: wpatrick@hellerdraper.com |
| Arizona Bar No.: 028941 | TRISTAN E. MANTHEY, ESQ. |
| Email: lmorris@gordonsilver.com | Louisiana Bar No. 24539 (*Admitted Pro Hac*) |
| One East Washington Street, Suite 400 | E-mail: tmanthey@hellerdraper.com |
| Phoenix, Arizona 85004 | 650 Poydras St., Suite 2500 |
| Telephone: (602) 256-0400 | New Orleans, Louisiana 70130 |
| Facsimile: (602) 256-0345 | Telephone: (504) 299-3300 |
| | Facsimile: (504) 299-3399 |

TALITHA GRAY KOZLOWSKI, ESQ.
Nevada Bar No. 9040 (*Admitted Pro Hac*)
Email: tgray@gordonsilver.com
3960 Howard Hughes Parkway, 9th Floor
Las Vegas, Nevada 89169
Telephone: (702) 796-5555
Facsimile: (702) 369-2666

*Attorneys for Debtor*

**UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| In re: | CASE NO.: 2:14-BK-17914-EPB |
| SNTECH, INC., a Delaware corporation, | Chapter 11 Proceeding |
| Debtor. | Hearing Date: February 26, 2015<br>Hearing Time: 10:00 a.m. |

**OMNIBUS REPLY IN SUPPORT OF DEBTOR'S MOTION FOR ENTRY OF AN ORDER: (I)AUTHORIZING THE SALE OF DEBTOR'S ASSETS OUTSIDE OF THE ORDINARY COURSE OF BUSINESS FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS; (II) AUTHORIZING THE ASSUMPTION, SALE AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES; AND (III) GRANTING RELATED RELIEF**

SNTech, Inc., a Delaware corporation ("Debtor"), debtor and debtor-in-possession, by and through its attorneys, Gordon Silver and Heller, Draper, Patrick, Horn & Dabney, L.L.C., hereby respectfully submits this omnibus reply to SAIL Exit Partners, LLC's ("SAIL") *Limited Objection and Reservation of Rights with Respect to the Sale of the Debtor's Assets* [ECF No. 189] (the "SAIL Objection") and *Smart Warehousing, LLC's Limited Objection to Debtor's*

Gordon Silver
Attorneys At Law
One East Washington
Suite 400
Phoenix, AZ 85004
(602) 256-0400

105013-002/5073016_2.doc

Case 2:14-bk-17914-EPB    Doc 218    Filed 02/25/15    Entered 02/25/15 10:54:16    Desc
Main Document    Page 1 of 3

*Motion for Entry of an Order (I) Authorizing the Sale of Debtor's Assets Outside of the Ordinary Course of Business Free and Clear of All Liens, Claims, Encumbrances, and Interests; (II) Authorizing the Assumption, Sale, and Assignment of Certain Executory Contracts and Unexpired Leases; and (III) Granting Related Relief* [ECF No. 191] (the "Smart Objection").

This omnibus reply is supported by the following memorandum of points and authorities, any additional evidence submitted and argument entertained by the Court at the Sale Hearing,[1] as well as the documents and evidence previously submitted to the Court in this chapter 11 case.

## I.
## BOTH OBJECTIONS TO THE SALE MOTION SHOULD BE OVERRULED

In its Objection, SAIL reserves its rights to object to the sale of the Debtor's assets at the Sale Hearing and reserves its right to credit bid at the Auction. See ECF No. 189. Pursuant to the *Order: (I) Approving Bid Procedures Relating to Sale of the Debtor's Assets, Including Bid Protections; (II) Scheduling a Hearing to Consider the Sale; (III) Approving the Form and Manner of Notice of Sale by Auction; (IV) Establishing Procedures for Noticing and Determining Cure Amounts; and (V) Granting Related Relief* [ECF No. 138] (the "Bid Procedures Order"), all bidders, including those submitting credit bids, were required to submit a qualifying bid no later than February 23, 2015 at 5:00 p.m. (MST). SAIL did not submit any bid by this deadline. Furthermore, SAIL has not raised any additional objections since filing the SAIL Objection. As such, the SAIL Objection is moot and should be overruled.

The Smart Objection asserts that Smart has a properly perfected, first priority possessory lien on certain inventory and that it was not included in the Sale Motion as a party holding lien rights. See Smart Objection, ¶¶ 10-15. Smart objects to the Sale Motion to the extent that it is not recognized as a secured creditor and there is not sufficient sale proceeds set aside to cover its asserted lien. See id. ¶¶ 18-19. The Sale Motion and the Bid Procedures Order provide that any liens will attach to the net proceeds of the sale with the same validity and priority as existed immediately prior to such sale. See ECF Nos. 62 and 138. Debtor will allocate and hold in escrow the necessary sale proceeds to pay valid secured claims in the proper priority order. To

---
[1] Undefined, capitalized terms herein have the meanings ascribed to them in the Sale Motion [ECF No. 62].

Gordon Silver
Attorneys At Law
One East Washington
Suite 400
Phoenix, AZ 85004
(602) 256-0400

105013-002/5073016_2.doc

the extent that Smart holds a valid lien on certain assets,[2] its claim will be paid from the sale proceeds in the priority as existed immediately prior to the sale. Accordingly, the Smart Objection should be overruled and the Sale Motion should be granted.

## II.
## CONCLUSION

For the foregoing reasons, Debtor respectfully requests that the Court overrule both the SAIL Objection and the Smart Objection and enter the Sale Order. Debtor requests any other and further relief as is just and proper.

RESPECTFULLY REQUESTED this 25th day of February, 2015.

GORDON SILVER

*/s/ Loren A. Morris*
THOMAS J. SALERNO, ESQ.
TALITHA GRAY KOZLOWSKI, ESQ.
(*Admitted Pro Hac*)
LOREN A. MORRIS, ESQ.
One East Washington Street, Suite 400
Phoenix, Arizona 85004

and

HELLER, DRAPER, PATRICK,
HORN & DABNEY, L.L.C.
WILLIAM H. PATRICK, III, ESQ.
(*Admitted Pro Hac*)
TRISTAN E. MANTHEY, ESQ.
(*Admitted Pro Hac*)
650 Poydras Street, Suite 2500
New Orleans, Louisiana 70130-6103
*Attorneys for Debtor*

---

[2] Debtor does not concede that Smart's alleged lien is valid and/or in first priority.

Gordon Silver
Attorneys At Law
One East Washington
Suite 400
Phoenix, AZ 85004
(602) 256-0400

105013-002/5073016_2.doc

3

Case 2:14-bk-17914-EPB    Doc 218    Filed 02/25/15    Entered 02/25/15 10:54:16    Desc
Main Document    Page 3 of 3