GORDON SILVER
THOMAS J. SALERNO, ESQ.
Arizona Bar No.: 007492
Email: tsalerno@gordonsilver.com
TERESA M. PILATOWICZ, ESQ.
Arizona Bar No.: 024447
Email: tpilatowicz@gordonsilver.com
One East Washington Street, Suite 400
Phoenix, Arizona 85004
Telephone: (602) 256-0400
Facsimile: (602) 256-0345

TALITHA GRAY KOZLOWSKI, ESQ.
Nevada Bar No. 9040 (*Admitted Pro Hac*)
Email: tgray@gordonsilver.com
3960 Howard Hughes Parkway, 9th Floor
Las Vegas, Nevada 89169
Telephone: (702) 796-5555
Facsimile: (702) 369-2666

HELLER, DRAPER, PATRICK, HORN &
DABNEY, L.L.C.
WILLIAM H. PATRICK, III, ESQ.
Louisiana Bar No. 10359 (*Admitted Pro Hac*)
E-mail: wpatrick@hellerdraper.com
TRISTAN E. MANTHEY, ESQ.
Louisiana Bar No. 24539 (*Admitted Pro Hac*)
E-mail: tmanthey@hellerdraper.com
650 Poydras St., Suite 2500
New Orleans, Louisiana 70130
Telephone: (504) 299-3300
Facsimile: (504) 299-3399

*Attorneys for Debtor*

# UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>SNTECH, INC., a Delaware corporation,<br><br>Debtor. | CASE NO.: 2:14-BK-17914-EPB<br><br>Chapter 11 Proceeding<br><br>Dates: February 26, 2015, 11:00 a.m.<br>    March 5, 2015, 10:00 a.m. |

**ORDER: (I) AUTHORIZING THE SALE OF DEBTOR'S PURCHASED ASSETS OUTSIDE OF THE ORDINARY COURSE OF BUSINESS FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS; (II) AUTHORIZING THE ASSUMPTION, SALE, AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES; AND (III) GRANTING RELATED RELIEF**

   SNTech, Inc., a Delaware corporation, debtor and debtor-in-possession ("Debtor"), filed its motion for entry of an *Order: (I) Authorizing the Sale of Debtor's Purchased Assets Outside of the Ordinary Course of Business Free and Clear of All Liens, Claims, Encumbrances, and Interests; (II) Authorizing the Assumption, Sale, and Assignment of Certain Executory Contracts*

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

102261-001/2512065_11.doc

Case 2:14-bk-17914-EPB  Doc 255 Filed 03/11/15 Entered 03/12/15 15:38:45 Desc
Main Document  Page 1 of 19

*and Unexpired Leases; and (III) Granting Related Relief* (the "Motion") [ECF No. 62],[1] which was originally heard by the Court on February 26, 2015, at 11:00 a.m. and continued to March 5, 2015, at 10:00 a.m. (the "Hearing"). Counsels' appearances are reflected in the above-captioned Court's record of the Hearing. The Court read and considered the Motion brought pursuant to Sections 105, 363, and 365 of Title 11 of the United States Code, 11 U.S.C. §§ 101, et seq. (the "Bankruptcy Code"), Rules 2002, 6004, 6006, and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and the other applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and Local Bankruptcy Rules for the District of Arizona. It appearing that the relief requested in the Motion is in the best interest of Debtor's bankruptcy estate, its creditors, and other parties-in-interest, and after due deliberation and sufficient cause appearing therefor:[2]

**IT IS HEREBY FOUND AND DETERMINED THAT:**

A. **Jurisdiction and Venue**. This Court has jurisdiction to consider the Motion under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue of this case and the Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

B. **Statutory Predicates**. The statutory predicates for the relief sought in the Motion are Sections 105(a), 363, and 365 of the Bankruptcy Code and Bankruptcy Rules 2002, 6004, and 6006.

C. **Judicial Notice.** The Court took judicial notice of the pleadings, papers, and other records in Debtor's Chapter 11 Case pursuant to Federal Rule of Evidence 201, made applicable to these proceedings pursuant to Bankruptcy Rule 9017.

D. **Notice**. As evidenced by the certificates of service filed with this Court and based upon the representations of counsel at the Sale Hearing: (i) due, proper, timely, adequate, and

---

[1] Capitalized terms not otherwise defined in this Order shall have the meanings set forth in the Motion.

[2] For the avoidance of doubt, nothing contained in this Sale Order shall impair the terms of the *Stipulated Order Re: Carve Out to General Unsecured Creditors in Conjunction with Debtor's Emergency Motion Seeking Interim and Final Orders: (1) Authoring Debtor to Obtain Post-Petition Financing, (2) Granting Liens and Superpriority Administrative Expense, (3) Authorizing Use of Cash Collateral, and (4) Setting and Prescribing the Form and Manner of Notice for a Final Hearing* entered by the Court on February 17, 2015 [ECF No. 194] (the "Carve-Out Order").

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

102261-001/2512065_11.doc

2

Case 2:14-bk-17914-EPB    Doc 255    Filed 03/11/15    Entered 03/12/15 15:38:45    Desc
Main Document    Page 2 of 19

sufficient notice of the Motion, the Auction, the Sale Hearing, and the Sale, including the assumption and assignment of the Assumed Contracts and Cure Amounts with respect thereto, has been provided in accordance with Sections 105(a), 363, and 365 of the Bankruptcy Code and Bankruptcy Rules 2002, 6004, and 6006; (ii) it appearing that no other or further notice need be provided; (iii) such notice was and is good, sufficient, and appropriate under the circumstances; and (iv) no other or further notice of the Motion, the Auction, the Sale Hearing, or the Sale to the Prevailing Bidder is or shall be required.

E. **Opportunity to Object**. A reasonable opportunity to object and to be heard with respect to the Motion and the relief requested therein has been given, in light of the circumstances, to all interested persons and entities, including the following: (i) the U.S. Trustee; (ii) all parties known to be asserting a lien on any of the Purchased Assets; (iii) the Internal Revenue Service; and (iv) all of Debtor's known creditors, equity security holders, and parties-in-interest entitled to notice under Bankruptcy Rule 2002(a).

F. **Sale Satisfies Best Interests**. Good and sufficient reasons for approval of the Sale to Verde Smart Motors, Inc. (the "Prevailing Bidder") have been articulated, and the relief requested in the Motion is in the best interests of Debtor, its estate, the creditors, and other parties-in-interest.

G. **Business Justification**. Debtor has demonstrated both: (i) good, sufficient, and sound business purposes and justifications for the Sale; and (ii) compelling circumstances for the Sale other than in the ordinary course of business under Section 363(b) of the Bankruptcy Code before, and outside of, a plan of reorganization in that, among other things, the immediate consummation of the Sale is necessary and appropriate to maximize the value of Debtor's estate. Entry of an order approving the Sale to the Prevailing Bidder is a necessary condition precedent to consummating the Sale.

H. **Arm's-Length Sale**. The Asset Purchase Agreement executed by the Prevailing Bidder memorializing the Prevailing Bid (the "Purchase Agreement") was negotiated, proposed, and entered into by Debtor and the Prevailing Bidder without collusion, in good faith, and from an arm's-length bargaining position. Neither Debtor nor the Prevailing Bidder has engaged in

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

102261-001/2512065_11.doc

3

Case 2:14-bk-17914-EPB    Doc 255    Filed 03/11/15    Entered 03/12/15 15:38:45    Desc
Main Document    Page 3 of 19

any conduct that would cause or permit the Purchase Agreement to be avoided under Section 363(n) of the Bankruptcy Code. Specifically, the Prevailing Bidder has not acted in a collusive manner with any person and the purchase price was not controlled by any agreement among bidders.

I. **Good Faith Purchaser**. The Purchase Agreement was negotiated, proposed, and entered into by Debtor and the Prevailing Bidder in good faith, without collusion, and from arm's-length bargaining positions. The Prevailing Bidder has proceeded in good faith in all respects in connection with this proceeding, is a "good faith purchaser" within the meaning of Section 363(m) of the Bankruptcy Code and, as such, is entitled to all the protections afforded thereby. Neither Debtor nor the Prevailing Bidder have engaged in any conduct that: (i) would cause or permit the Sale transactions contemplated hereby and in accordance with the Purchase Agreement to be avoided; (ii) would tend to hinder, delay, or defraud creditors; or (iii) impose costs and damages under Section 363(n) of the Bankruptcy Code.

J. **Highest and Best Offer**. As demonstrated by the declarations and other testimony and evidence proffered or adduced prior to or at the Sale Hearing: (i) Debtor has adequately marketed the Purchased Assets for sale; (ii) the consideration provided for in the Purchase Agreement constitutes the highest or otherwise best offer for the Purchased Assets and provides fair and reasonable consideration for the Purchased Assets; (iii) the Sale pursuant to the Purchase Agreement will provide a greater recovery for Debtor's creditors than would be provided by any other practical available alternative; (iv) the consideration to be paid by the Prevailing Bidder constitutes reasonably equivalent value and fair consideration (as those terms may be defined in each of the Uniform Fraudulent Transfer Act, Uniform Fraudulent Conveyance Act, and Section 548 of the Bankruptcy Code) under the Bankruptcy Code and under the laws of the United States, any state, territory or possession thereof or the District of Columbia, or any other applicable jurisdiction with laws substantially similar to the foregoing. Debtor's determination that the Prevailing Bid constitutes the highest and best offer for the Purchased Assets constitutes a valid and sound exercise of Debtor's business judgment.

. . .

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

102261-001/2512065_11.doc

4

Case 2:14-bk-17914-EPB    Doc 255    Filed 03/11/15    Entered 03/12/15 15:38:45    Desc
Main Document    Page 4 of 19

K. **Consideration**. The Prevailing Bid represents a fair and reasonable offer to purchase the Purchased Assets under the circumstances of the Chapter 11 Case. No other person or entity or group of entities, other than the Prevailing Bidder, has offered to purchase the Purchased Assets for an amount that would give greater economic value to Debtor's estate. Approval of the Motion, the Prevailing Bid, the Purchase Agreement, and the consummation of the Sale contemplated thereby are in the best interests of Debtor, its creditors, its estate, and all other parties-in-interest.

L. **Free and Clear**. Debtor is the sole and lawful owner of the Purchased Assets or has a valid, enforceable property interest in such Purchased Assets.[3] The transfer of the Purchased Assets to the Prevailing Bidder under the Purchase Agreement will be a legal, valid, and effective transfer of the Purchased Assets and vests or will vest the Prevailing Bidder with all right, title, and interest of Debtor to the Purchased Assets free and clear of all liens, claims (as defined in Section 101(5) of the Bankruptcy Code), encumbrances, obligations, liabilities, contractual commitments, or interests of any kind or nature whatsoever, including but not limited to, product warranty claims and product liability claims (collectively, the "Claims") other than the Assumed Liabilities.[4] The Prevailing Bidder would not have entered into the Purchase Agreement and would not consummate the Sale if the Sale to the Prevailing Bidder and the assignment of the Assumed Contracts to the Prevailing Bidder were not free and clear of all

---

[3] For the avoidance of doubt, the Purchased Assets do not include the assets identified in Section G of the Carve-Out Order.

[4] "Assumed Liabilities" is defined in the Purchase Agreement as "[a]t and as of the Closing, Purchaser shall assume and agree to pay, perform and discharge only the following Liabilities of Seller (the "Assumed Liabilities"):

(a) all Liabilities arising from and after the Closing Date pursuant to or in respect of all Purchased Assets; provided, however, with respect to Purchased Contracts, Purchaser shall assume Liabilities only as of the date which (and only to the extent) the Bankruptcy Court authorizes assumption and assignment of such Contracts;

(b) all Liabilities for any Cure Amounts;

(c) all Transaction Taxes;

(d) all Liabilities for the portion of Periodic Taxes for which Purchaser is liable under Section 3.3(b); and

(e) all Liabilities identified on Schedule 2.3."

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

102261-001/2512065_11.doc

5

Case 2:14-bk-17914-EPB    Doc 255    Filed 03/11/15    Entered 03/12/15 15:38:45    Desc
Main Document    Page 5 of 19

Claims other than the Assumed Liabilities or if the Prevailing Bidder would, or in the future could, be liable for any of the Claims.  For the avoidance of doubt, all Claims other than the Assumed Liabilities shall attach to the cash proceeds received by Debtor ultimately attributable to the property against or in which such Claims are asserted, subject to the terms of such Claims, with the same validity, force, and effect, and in the same order of priority that such Claims now have against the Purchased Assets or their proceeds, if any, subject to any rights, claims, and defenses Debtor or its estate may possess with respect thereto.

M.  Debtor may sell the Purchased Assets free and clear of any Claims of any kind or nature whatsoever because in each case, one or more of the standards set forth in Section 363(f)(1)-(5) of the Bankruptcy Code has been satisfied.  Each entity with a Claim to or in the Purchased Assets to be transferred on the day of the closing of the Sale of the Purchased Assets to the Prevailing Bidder (the "Closing Date"): (i) has, subject to the terms and conditions of this Order, consented to the Sale or is deemed to have consented to the Sale; (ii) could be compelled in a legal or equitable proceeding to accept money satisfaction of such Claim; or (iii) otherwise falls within the provisions of Section 363(f) of the Bankruptcy Code.  Those holders of Claims who did not object to the Motion are deemed, subject to the terms of this Order, to have consented pursuant to Section 363(f)(2) of the Bankruptcy Code.

N.  All holders of Claims are adequately protected by having their Claims attach to the cash proceeds received by Debtor that are ultimately attributable to the property against or in which such Claims are asserted, subject to the terms of such Claims, with the same validity, force and effect, and in the same order of priority, which such Claims now have against the Purchased Assets or their proceeds, if any, subject to any rights, claims, and defenses Debtor or its estate may possess with respect thereto.

O.  **No Fraudulent Transfer**.  The Prevailing Bid and Purchase Agreement provide Debtor with reasonably equivalent value and fair consideration (as those terms are defined in the Uniform Fraudulent Transfer Act, the Uniform Fraudulent Conveyance Act, and the Bankruptcy Code).  The Purchase Agreement was not entered into for the purpose of hindering, delaying, or defrauding creditors under the Bankruptcy Code and under the laws of the United States, any

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

102261-001/2512065_11.doc

6

Case 2:14-bk-17914-EPB    Doc 255    Filed 03/11/15    Entered 03/12/15 15:38:45    Desc
Main Document    Page 6 of 19

state, territory, possession, or the State of Arizona. Neither Debtor nor the Prevailing Bidder is entering into the Purchase Agreement fraudulently.

P. **Not a Successor**. The Prevailing Bidder: (i) is not a successor to Debtor; (ii) has not, de facto or otherwise, merged with or into Debtor; (iii) is not a continuation or substantial continuation of Debtor or any enterprise of Debtor; (iv) does not have a common identity of incorporators, directors, or equity holders with Debtor; and (v) is not holding itself out to the public as a continuation of Debtor. The: (i) transfer of the Purchased Assets to the Prevailing Bidder; and (ii) assumption and assignment to the Prevailing Bidder of the Assumed Contracts, including patent and other intellectual property licenses, does not and will not subject the Prevailing Bidder to any liability whatsoever with respect to the operation of Debtor's business before the Closing Date or by reason of such transfer under the laws of the United States, any state, territory, or possession thereof, or the State of Arizona, based, in whole or in part, directly or indirectly, on any theory of law or equity, including, without limitation, any theory of equitable law, including, without limitation, any theory of antitrust or successor or transferee liability.

Q. **Cure/Adequate Assurance**. The assumption and assignment of the Assumed Contracts, including patent and other intellectual property licenses, pursuant to the terms of this Order is integral to the Purchase Agreement and is in the best interests of Debtor, its estate, its creditors, and all other parties-in-interest, and represents the reasonable exercise of sound and prudent business judgment by Debtor. The Prevailing Bidder has: (i) provided adequate assurance of its ability to cure any default existing prior to the date hereof with respect to the Assumed Contracts within the meaning of Sections 365(b)(1)(A) and 365(f)(2)(A) of the Bankruptcy Code; and (ii) to the extent necessary, provided compensation or, adequate assurance of compensation to any party for any actual pecuniary loss to such party resulting from a default prior to the date hereof with respect to the Assumed Contracts within the meaning of Sections 365(b)(1)(B) and 365(f)(2)(A) of the Bankruptcy Code. The Prevailing Bidder's promise to perform the obligations under the Assumed Contracts after the Closing Date in accordance with their terms shall constitute adequate assurance of future performance within the

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

102261-001/2512065_11.doc

7

meaning of Sections 365(b)(1)(C), 365(b)(3) (to the extent applicable), and Section 365(f)(2)(B) of the Bankruptcy Code.

R. With respect to each of the Assumed Contracts: (i) Debtor has met all of the requirements of Section 365(b) of the Bankruptcy Code; (ii) the Assumed Contracts can, upon the payment of the Cure Amounts, be assumed by Debtor and assigned to the Prevailing Bidder; and (iii) upon such assumption and assignment, Debtor and its estate shall be forever released from any and all liability under the Assumed Contracts.

S. **Prompt Consummation**. The Sale in accordance with the Purchase Agreement must be approved and consummated promptly in order to preserve the viability of Debtor's enterprise and to maximize the value of Debtor's estate for the benefit of its creditors. Time is of the essence in consummating the Sale.

**NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, CONCLUDED, AND DECREED AS FOLLOWS:**

1. **Motion is Granted**. The Motion and the relief requested therein is GRANTED and APPROVED as set forth herein.

2. **Objections Overruled**. Any objections to the entry of this Order or the relief granted herein and requested in the Motion that have not been withdrawn, waived, or settled, or not otherwise resolved pursuant to the terms hereof, if any, are hereby denied and overruled on the merits with prejudice.

3. **Approval of the Sale**. The Purchase Agreement and the Sale contemplated therein are hereby approved. Pursuant to Sections 105, 363, and 365 of the Bankruptcy Code, Debtor is hereby authorized to: (i) execute and perform its obligations under the Purchase Agreement, along with any additional instruments or documents that may be reasonably necessary or appropriate to implement the Sale pursuant to the Purchase Agreement; (ii) consummate the Sale in accordance with the terms and conditions of the Purchase Agreement and all additional documents and instruments contemplated thereby; and (iii) take all other and further action as may be reasonably necessary to implement the Sale to the Prevailing Bidder pursuant to the Purchase Agreement.

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

102261-001/2512065_11.doc

8

Case 2:14-bk-17914-EPB    Doc 255    Filed 03/11/15    Entered 03/12/15 15:38:45    Desc
Main Document    Page 8 of 19

4. **Free and Clear**. Except as otherwise specifically provided for in the Purchase Agreement or this Order, pursuant to Sections 105(a) and 363(f) of the Bankruptcy Code, Debtor is authorized to transfer the Purchased Assets to the Prevailing Bidder and, as of the Closing Date, the Prevailing Bidder shall take title to and possession of the Purchased Assets free and clear of all Claims of any kind or nature whatsoever, with all such Claims to attach to the cash proceeds received by Debtor that are ultimately attributable to the property against or in which such Claims are asserted, subject to the terms of such Claims with the same validity, force, and effect, and in the same order of priority, which such Claims now have against the Purchased Assets or their proceeds, if any, subject to any rights, claims, and defenses Debtor or its estate may possess with respect thereto.

5. **Valid Transfer**. Pursuant to Sections 105(a) and 363(f) of the Bankruptcy Code, Debtor is authorized and directed to transfer the Purchased Assets in accordance with the terms of the Purchase Agreement. As of the Closing Date: (i) the Sale to the Prevailing Bidder effects a legal, valid, enforceable, and effective sale and transfer of the Purchased Assets to the Prevailing Bidder, and shall vest the Prevailing Bidder with all right, title, and interest to such Purchased Assets free and clear of all Claims other than the Assumed Liabilities; (ii) the Purchase Agreement and the instruments contemplated thereby shall be enforceable against and binding upon the Prevailing Bidder and Debtor, and not subject to rejection or avoidance by Debtor or any subsequently appointed chapter 11 or chapter 7 trustee of the Debtor and its estate; and (iii) the Sale to the Prevailing Bidder pursuant to the Purchase Agreement shall be free and clear of all Claims except for the Assumed Liabilities, with all such Claims to attach to the proceeds of the Sale in the order of their priority and with the same validity, force, and effect which they now have against the Purchased Assets, subject to any rights, claims, and defenses Debtor or its estate may possess with respect thereto.

6. This Sale Order: (i) shall be effective as a determination that, as of the Closing Date: (a) no Claims relating to the Purchased Assets (other than Assumed Liabilities) will be assertable against the Prevailing Bidder, its affiliates, successors, or assigns or any of their respective Purchased Assets (including the Purchased Assets), (b) the Purchased Assets shall

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

102261-001/2512065_11.doc

9

Case 2:14-bk-17914-EPB    Doc 255    Filed 03/11/15    Entered 03/12/15 15:38:45    Desc
Main Document    Page 9 of 19

have been transferred to the Prevailing Bidder free and clear of all Claims except for the Assumed Liabilities, and (c) the conveyances described herein have been effected; and (ii) is and shall be binding upon and govern the acts of all entities, including, without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, national and international registrars of deeds, national and international registrars of patents, trademarks, or other intellectual property, administrative agencies, national and international governmental departments, secretaries of state, federal and local officials, and all other persons and entities, whether national or international, who may be required by operation of law, the duties of their office or contract, to accept, file, register, or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to any lease; and each of the foregoing persons and entities is hereby directed to accept for filing any and all of the documents and instruments necessary and appropriate to consummate the transactions contemplated by the Purchase Agreement.

7. If any person or entity that has filed financing statements, liens, or other documents or agreements evidencing Claims against or in Debtor's estate or the Purchased Assets shall not have delivered to the Prevailing Bidder prior to the Closing Date, in proper form for filing and executed by the appropriate parties, termination statements, instruments of satisfaction, releases of all interests that the person or entity has with respect to Debtor, its estate, the Purchased Assets, or otherwise, then only with regard to Purchased Assets that are purchased by the Prevailing Bidder pursuant to the Purchase Agreement and this Sale Order: (i) Debtor is hereby authorized to execute and file such statements, instruments, releases, and other documents on behalf of the person or entity with respect to the Purchased Assets; and (ii) the Prevailing Bidder is hereby authorized to file, register, or otherwise record a certified copy of this Sale Order, which, once filed, registered, or otherwise recorded, shall constitute conclusive evidence of the release of all Claims against the applicable Purchased Assets other than the Assumed Liabilities. This Sale Order is deemed to be in recordable form sufficient to be placed in the filing or recording system of each and every federal, state, or local government agency, department, or office.

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

102261-001/2512065_11.doc

10

Case 2:14-bk-17914-EPB    Doc 255    Filed 03/11/15    Entered 03/12/15 15:38:45    Desc
Main Document    Page 10 of 19

8. All persons or entities in possession of some or all of the Purchased Assets are directed to surrender possession of such Purchased Assets to the Prevailing Bidder or its respective designees at the time of the Closing of the Sale.

9. Following the Closing Date, no holder of any Claim shall interfere with the Prevailing Bidder's title to or use and enjoyment of the Purchased Assets based on or related to any such Claim, or based on any actions Debtor may take in Debtor's Chapter 11 Case, or in the event of a conversion of the case to a case under any other chapter of the Bankruptcy Code, any such actions in that case.

10. All persons and entities are prohibited and enjoined from taking any action to adversely affect or interfere with the ability of Debtor to transfer the Purchased Assets to the Prevailing Bidder in accordance with the Purchase Agreement and this Sale Order.

11. To the extent provided by Section 525 of the Bankruptcy Code, no governmental unit may revoke or suspend any permit or license relating to the operation of the Purchased Assets sold, transferred, or conveyed to the Prevailing Bidder on account of the filing or pendency of the Chapter 11 Case or the consummation of the Sale contemplated by the Purchase Agreement.

12. **General Assignment**. On the Closing Date, this Order shall be construed and shall constitute for any and all purposes a full and complete general assignment, conveyance, and transfer to the Prevailing Bidder of Debtor's interests in the Purchased Assets. Each and every federal, state, and local governmental agency or department is hereby authorized to accept any and all documents and instruments necessary and appropriate to consummate the Sale to the Prevailing Bidder pursuant to the Purchase Agreement.

13. **Injunction**. Except as expressly permitted by the Purchase Agreement or by this Order, all persons and entities, including, but not limited to, Debtor's employees, former employees, all debt security holders, equity security holders, administrative agencies, governmental, tax and regulatory authorities, secretaries of state, federal, state, and local officials, lenders, contract parties, lessors, trade creditors, and all other creditors, holding Claims of any kind or nature whatsoever against Debtor or the Purchased Assets (whether legal or

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

102261-001/2512065_11.doc

equitable, secured or unsecured, matured or unmatured, contingent or noncontingent, known or unknown, liquidated or unliquidated, senior or subordinated), arising under or out of, in connection with, or in any way relating to, such Purchased Assets or with respect to any Claims arising out of or related to the Purchased Assets, shall be and hereby are forever barred, estopped, and permanently enjoined from commencing, prosecuting, or continuing in any manner any action or other proceeding of any kind against the Prevailing Bidder, its property, its successors and assigns, its affiliates, or such Purchased Assets. Notwithstanding the foregoing, nothing herein shall prevent: (i) Debtor from pursuing an action against the Prevailing Bidder arising under the Purchase Agreement or the related documents; or (ii) any administrative agencies, governmental, tax and regulatory authorities, secretaries of state, federal, state, and local officials from properly exercising their regulatory powers.

14. **Release of Claims**. Subject to Paragraphs 4 and 34 of this Order, this Order shall be effective as a determination that, on the Closing Date, all Claims (other than the Assumed Liabilities) of any kind or nature whatsoever existing as to the Purchased Assets prior to the Closing Date have been unconditionally released, discharged, and terminated, and that the conveyances described herein have been effectuated.

15. **Direction to Release Claims**. On the Closing Date and subject to the Claims attaching to the cash proceeds of the Sale as provided for in Paragraphs 4 and 34 of this Order, each of Debtor's creditors is authorized and directed to execute such documents and take all other actions as may be reasonably necessary to release the Claims in the Purchased Assets, if any, as such Claims may have been recorded or may otherwise exist.

16. **No Successor Liability**. Neither the Prevailing Bidder nor its affiliates, successors, nor assigns shall be deemed, as a result of any action taken in connection with the purchase of the Purchased Assets, to: (i) be a successor to Debtor or its estate; (ii) have, de facto or otherwise, merged or consolidated with or into Debtor or its estate; or (iii) be a continuation or substantial continuation of Debtor or any enterprise of Debtor. Except for the Assumed Liabilities, the transfer of the Purchased Assets to the Prevailing Bidder shall not result in: (i) the Prevailing Bidder, its affiliates, members, or shareholders or the Purchased Assets, having any

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

102261-001/2512065_11.doc

12

Case 2:14-bk-17914-EPB    Doc 255    Filed 03/11/15    Entered 03/12/15 15:38:45    Desc
Main Document    Page 12 of 19

liability or responsibility for any claim against Debtor or against any insider of Debtor; (ii) the Prevailing Bidder, its affiliates, members, or shareholders or the Purchased Assets, having any liability whatsoever with respect to or be required to satisfy in any manner, whether at law or in equity, whether by payment, setoff, or otherwise, directly or indirectly, any Claim; or (iii) the Prevailing Bidder, its affiliates, members, or shareholders or the Purchased Assets, having any liability or responsibility to Debtor except as is expressly set forth in the Purchase Agreement and this Sale Order.

17. Without limiting the effect or scope of the foregoing and except as expressly provided in the Purchase Agreement, the Prevailing Bidder shall have no successor or vicarious liabilities of any kind or character, including, but not limited to, any theory of antitrust, environmental, successor, or transferee liability, labor law, de facto merger or substantial continuity, whether known or unknown as of the Closing Date, now existing or hereafter arising, whether asserted or unasserted, fixed or contingent, liquidated or unliquidated with respect to Debtor or any obligations of Debtor arising prior to the Closing Date, including, but not limited to, liabilities on account of any taxes or other government fees, contributions or surcharges arising, accruing or payable under, out of, in connection with, or in any way relating to the operation of the Purchased Assets prior to the Closing Date, under the laws of the United States, any state, territory or possession thereof or the State of Arizona.

18. **Assumption and Assignment of the Assumed Contracts.** Under Sections 105(a) and 365, Debtor's assumption and assignment of the Assumed Contracts to the Prevailing Bidder free and clear of all Claims pursuant to the terms set forth in the Purchase Agreement is hereby approved, and the requirements of Sections 365(b)(1), 365(b)(3) and 365(f)(2) with respect thereto are hereby deemed satisfied. Each counterparty to an Assumed Contract, including all counterparties to all patent and other intellectual property licenses, is hereby forever barred, and estopped from raising or asserting against Debtor, or the Prevailing Bidder, or the property of either, any assignment fee, default, breach, claim, pecuniary loss, liability, or obligation (whether legal or equitable, secured or unsecured, matured or unmatured,

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

102261-001/2512065_11.doc

contingent or non-contingent, senior or subordinate) arising under or related to the Assumed Contract existing as of the Closing Date or arising by reason of the Closing.

19. Each licensor of a patent or other intellectual property license to which Debtor is a licensee that is being assumed and assigned under the Purchase Agreement has: (i) expressly consented to such assumption and assignment; or (ii) has received due and proper notice of such assumption and assignment, the 365 Objection Deadline, and the reserved March 10, 2015 hearing date and has not objected to the assumption and assignment provided under the Purchase Agreement, and is therefore deemed to have consented to such assumption and assignment. Notwithstanding any other provision of this Order, title to the Licenses for Intellectual Property listed in Schedule 2.1(a) is transferred to the Prevailing Bidder subject to the use restrictions set forth in the assumed and assigned Assignment and License Agreement, effective as of August 2, 2011, by and between Regal Beloit Corporation and SNTech, Inc. listed in Schedule 2.1(c).

20. There shall be no rent accelerations, assignment fees, increases (including advertising rates), or any other fees charged to the Prevailing Bidder or Debtor as a result of the assumption and assignment of the Assumed Contracts.

21. The payment of the Cure Amounts shall be in full satisfaction of any and all defaults under the Assumed Contracts, whether monetary or non-monetary, and upon payment of the Cure Amounts, any default of Debtor thereunder shall have been irrevocably cured.

22. Any provisions in any Assumed Contract that prohibit or condition the assignment of such Assumed Contract or allow the party to such Assumed Contract to terminate, recapture, impose any penalty, condition, on renewal or extension or modify any term or condition upon the assignment of such Assumed Contract, are either deemed satisfied or constitute unenforceable anti-assignment provisions that are void and of no force and effect.

23. The Prevailing Bidder has provided adequate assurance of its future performance under the relevant Assumed Contracts within the meaning of Sections 365(b)(1)(C), 365(b)(3) (to the extent applicable) and 365(f)(2)(B) of the Bankruptcy Code. All other requirements and conditions under Sections 363 and 365 of the Bankruptcy Code for the assumption by Debtor and assignment to the Prevailing Bidder of the Assumed Contracts have been satisfied.

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

102261-001/2512065_11.doc

14

Case 2:14-bk-17914-EPB    Doc 255    Filed 03/11/15    Entered 03/12/15 15:38:45    Desc
Main Document    Page 14 of 19

24.   Upon the Closing, in accordance with Sections 363 and 365 of the Bankruptcy Code: (i) the Prevailing Bidder shall be fully and irrevocably vested with all right, title, and interest of Debtor under the Assumed Contracts; and (ii) Debtor shall be relieved from any liability for any breach of such Assumed Contracts occurring thereafter pursuant to Section 365(k) of the Bankruptcy Code.

25.   To the extent any governmental license or permit is necessary for the operation of the business is determined not to be an executory contract assumable and assignable under Section 365 of the Bankruptcy Code, the Prevailing Bidder shall apply for and obtain any necessary licenses or permits promptly after the Closing Date and to the extent permitted by law such licenses or permits of Debtor shall remain in place for the Prevailing Bidder's benefit until new licenses and permits are obtained.  Debtor shall have no liability under such licenses or permits after the Closing Date.

26.   Paragraphs 18 through 25 of this Sale Order are subject to and conditioned upon the occurrence of the Closing Date.

27.   **Cure**. The Prevailing Bidder shall pay all Cure Amounts relative to the Assumed Contracts to be assigned on the Closing Date in accordance with the terms of the Purchase Agreement and Debtor shall not have any obligation to pay, or any liability for, any such Cure Amounts relating to any Assumed Contracts upon the earlier of: (i) the Closing Date, or five (5) Business Days after the Court enters the Sale Order; or (ii) with respect to Disputed Cure Amounts, within three (3) Business Days after the amount thereof is finally determined.  The payment of the applicable Cure Amounts (if any) shall: (i) effect a cure of all defaults existing thereunder as of the Closing Date; (ii) compensate for any actual pecuniary loss to such non-Debtor party resulting from such default; and (iii) together with the assumption of the Assumed Contracts by Debtor, constitute adequate assurance of future performance thereof.  Except as set forth in this Sale Order, the non-Debtor party to each Assumed Contract that is to be assigned on the Closing Date is forever barred from asserting against Debtor, the Prevailing Bidder and any of its affiliates, or any of the Purchased Assets: (i) any fee, default, breach, claim, or pecuniary loss arising under or related to the Assumed Contract existing as of the Closing Date or arising

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

102261-001/2512065_11.doc

15

Case 2:14-bk-17914-EPB   Doc 255   Filed 03/11/15   Entered 03/12/15 15:38:45   Desc
Main Document    Page 15 of 19

by reason of the closing; and (ii) any objection to the assumption and assignment of such non-Debtor party's Assumed Contract.

28. **<u>Binding Effect of Order</u>**.  This Order shall be binding upon and shall govern the acts of all entities, including without limitation all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal, state and local officials, and all other persons and entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register, or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to any of the Purchased Assets.

29. **<u>Binding on Successors</u>**.  The terms and provisions of the Purchase Agreement and this Sale Order shall be binding in all respects upon Debtor, its estate, all creditors of (whether known or unknown) and holders of equity interests in, Debtor, the Prevailing Bidder and their respective affiliates, successors and assigns, and any affected third parties, including, but not limited to, all persons asserting Claims in the Purchased Assets and all non-Debtor counterparties to the Assumed Contracts, notwithstanding any subsequent appointment of any trustee under any chapter of the Bankruptcy Code, as to which trustee such terms and provisions likewise shall be binding.  This Order and the Purchase Agreement shall inure to the benefit of Debtor, its estate, the creditors, the Prevailing Bidder, and their respective successors and assigns.

30. **<u>Section 363(n) of the Bankruptcy Code.</u>**  The consideration provided by the Prevailing Bidder for the Purchased Assets under the Purchase Agreement is fair and reasonable and may not be avoided under Section 363(n) of the Bankruptcy Code.

31. **<u>Good Faith</u>**.  The Sale to the Prevailing Bidder is undertaken by the Prevailing Bidder without collusion and in good faith, as that term is used in Section 363(m) of the Bankruptcy Code and, accordingly, the reversal or modification on appeal of the authorization provided herein to consummate the Sale shall not affect the validity of the Sale (including the assumption and assignment of the Assumed Contracts) with the Prevailing Bidder, unless such

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

102261-001/2512065_11.doc

16

Case 2:14-bk-17914-EPB    Doc 255    Filed 03/11/15    Entered 03/12/15 15:38:45    Desc
Main Document    Page 16 of 19

authorization is duly stayed pending such appeal. The Prevailing Bidder is a good faith purchaser of the Purchased Assets, and is entitled to all of the benefits and protections afforded by Section 363(m) of the Bankruptcy Code.

32. **Fair Consideration**. The consideration provided by the Prevailing Bidder to Debtor pursuant to the Purchase Agreement for its purchase of the Purchased Assets constitutes reasonably equivalent value and fair consideration under the Bankruptcy Code, the Uniform Fraudulent Transfer Act, and the Uniform Fraudulent Conveyance Act.

33. **Retention of Jurisdiction**. This Court retains jurisdiction, pursuant to its statutory powers under 28 U.S.C. § 157(b)(2), to, among other things, interpret, implement, and enforce the terms and provisions of this Sale Order, the Purchase Agreement, and all amendments thereto and any waivers and consents thereunder and each of the agreements executed in connection therewith, including, but not limited to, retaining jurisdiction to: (i) compel delivery of the Purchased Assets to the Prevailing Bidder; (ii) compel delivery of the purchase price under the Purchase Agreement or performance of other obligations thereunder owed to Debtor; (iii) interpret, implement, and enforce the provisions of this Sale Order and the Purchase Agreement; (iv) adjudicate, if necessary, any and all disputes concerning or relating in any way to the Sale; and (v) protect the Prevailing Bidder against any Claims in Debtor or the Purchased Assets of any kind or nature whatsoever attaching to the proceeds of the Sale.

34. **Sale Proceeds**. Any and all valid and perfected Claims in Purchased Assets of Debtor shall attach to any cash proceeds of such Purchased Assets immediately upon receipt of such proceeds by Debtor (or any party acting on Debtor's behalf) in the order of priority, and with the same validity, force, and effect which they now have against such Purchased Assets, if any, subject to any rights, claims, and defenses Debtor or its estate may possess with respect thereto, and, in addition to any limitations on the use of such cash proceeds pursuant to any provision of this Sale Order.

35. **Non-Material Modifications**. The Purchase Agreement and any related agreements, documents, or other instruments may be modified, amended, or supplemented by the parties thereto in a writing signed by such parties, and in accordance with the terms thereof,

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

102261-001/2512065_11.doc

17

Case 2:14-bk-17914-EPB    Doc 255    Filed 03/11/15    Entered 03/12/15 15:38:45    Desc
Main Document    Page 17 of 19

without further order of the Court, provided that any such modification, amendment, or supplement does not have a material adverse effect on Debtor's estate.

36. **Failure to Specify Provisions**. The failure specifically to include any particular provisions of the Purchase Agreement in this Order shall not diminish or impair the effectiveness of such provisions, it being the intent of the Court that the Purchase Agreement be authorized and approved in its entirety; provided, however, that this Sale Order shall govern if there is any inconsistency between the Prevailing Bid and the Purchase Agreement (including all ancillary documents executed in connection therewith) and this Sale Order. Likewise, all of the provisions of this Sale Order are nonseverable and mutually dependent.

37. **Acceptance of Documents.** Each and every federal, state, and local governmental agency, department, or official is hereby directed to accept any and all documents and instruments necessary and appropriate to consummate the transactions contemplated by the Purchase Agreement.

38. **No Stay of Order**. Notwithstanding the provisions of Bankruptcy Rule 6004(h) and Bankruptcy Rule 6006(d), this Sale Order shall not be stayed for fourteen days after the entry hereof, but shall be effective and enforceable immediately upon issuance hereof. Time is of the essence in closing the Sale contemplated herein, and Debtor and the Prevailing Bidder intend to close the Sale as soon as practicable. Any party objecting to this Sale Order must exercise due diligence in filing an appeal and pursuing a stay, or risk its appeal being foreclosed as moot.

39. **Cooperation with Administration of the Estate**. Debtor will have reasonable access, on a confidential basis, to copies of the books and records constituting Purchased Assets that are required to enable its tax accountants to prepare tax filings or reports regarding Debtor's ownership of the Purchased Assets prior to the Closing or the conduct of the business prior to the Closing. The Prevailing Bidder and any transferred employees shall cooperate with all reasonable requests of Debtor and the Committee and provide any information or documentation reasonably necessary to enable Debtor to administer its estate and Debtor and the Committee to reconcile claims. Except for the foregoing, the Prevailing Bidder shall not be liable for any

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

102261-001/2512065_11.doc

18

Case 2:14-bk-17914-EPB    Doc 255    Filed 03/11/15    Entered 03/12/15 15:38:45    Desc
Main Document    Page 18 of 19

costs, fees and/or expenses associated with the administration of Debtor's estate and/or reconciliation of claims, including, but not limited to: (i) any administrative fees and expenses, including, without limitation, allowed administrative expenses under Section 503(b) of the Bankruptcy Code; (ii) any Sale costs, fees, and expenses in connection with Debtor's obligations under this Sale Order; and (iii) any rejection damages claimed in Debtor's Chapter 11 Case.

40. **Further Assurances**. From time to time, as and when requested by any party, each party shall execute and deliver, or cause to be executed and delivered, all such documents and instruments and shall take, or cause to be taken, all such further or other actions as such other party may reasonably deem necessary or desirable to consummate the Sale to the Prevailing Bidder including, such actions as may be necessary to vest, perfect, or confirm, of record or otherwise, in the Prevailing Bidder its right, title, and interest in and to the Purchased Assets.

41. **Consummation of Sales; Injunction**. Upon entry of this Order, no further corporate action of Debtor or approval of any Debtor's equity security holders shall be required to authorize Debtor to consummate the Sale contemplated by the Purchase Agreement. Except as expressly permitted by this Order, all holders of claims against or equity interests in Debtor shall be and hereby are forever barred, estopped, and enjoined from commencing, prosecuting, or continuing in any manner any action or other proceeding of any kind against Debtor's employees, officers, directors, advisors, or attorneys on account of or related to the Sale to the Prevailing Party. Nothing herein shall prevent any administrative agencies, governmental, tax and regulatory authorities, secretaries of state, federal, state and local officials from properly exercising their regulatory powers.

**SIGNED AND DATED ABOVE.**

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

102261-001/2512065_11.doc

19

Case 2:14-bk-17914-EPB    Doc 255    Filed 03/11/15    Entered 03/12/15 15:38:45    Desc
Main Document    Page 19 of 19